CITY OF BLOOMINGTON

V.

LAURA ANNETT.

1. ACTION BY WIFE FOR INJURY—WHAT DAMAGES RECOVERABLE.— In an action by a wife for personal injuries, where she is living with her husband, and supported by him, and it is not shown that she is possessed of separate property or engaged in the prosecution of a separate, independent business, she can not recover for the loss of time caused by the injury, nor for money expended in procuring medical attendance. The court is of opinion that under our statute separate actions would be necessary for the recovery of the entire damages, one for those sustained by the husband and one for those sustained by the wife.

2. NOTICE OF DEFECTIVE SIDEWALK.—Where it was proved that the sidewalk in question was on one of the public traveled streets of the city, not over a block from the court house, and had been in a dangerous condition for at least two weeks before the accident occurred. *Held*, that this brings the case within the rule that the corporate authorities knew, or could have known by the exercise of reasonable diligence, the unsafe condition of the walk in time to have remedied the defect before the accident.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed January 16, 1885.

Mr. T. C. HERRICK, for appellant; that the city had not built the platform and was not bound to use more than ordi-

nary diligence to discover it, cited City of Chicago v. Starr, 42 Ill. 174; Severin v. Eddy, 52 Ill. 189; City of Chicago v. Murphy, 84 Ill. 224.

The husband is the only one entitled to sue for the items named: Tuttle v. C., R. I. & P. R. R. Co., 42 Iowa, 518; Thomas v. Town of Brooklyn, 58 Iowa, 438; Meese v. City of Fond du Lac, 48 Wis. 323; Candy v. Coppock, 85 Ind. 594; Freeman v. Holmes, 62 Ga. 556; Spann v. Mercer, 8 Neb. 357; Syme v. Riddle, 88 N. C. 463; Stevens v. Morris, 37 Ohio, 10; Hazelbaker v. Goodfellow, 64 Ill. 238; Cunningham v. Hanney, 12 Bradwell, 437; Flynn v. Gardner, 3 Bradwell, 253.

Mr. THOMAS F. TIPTON and Messrs. STEVENSON & EWING, for appellee; as to notice, cited City of Sterling v. Thomas, 60 Ill. 264; City of Chicago v. Fowler, 60 Ill. 323; Springfield v. Doyle, 76 Ill. 202; C. & I. R. R. Co. v. Russell, 91 Ill. 302; City of Aurora v. Dale, 90 Ill. 46; City of Aurora v. Hillman, 90 Ill. 61; City of Gilman v. Haley, 7 Bradwell, 349.

The recovery for loss of time can only be by appellee: Partridge v. Arnold, 73 Ill. 600; Hare v. Pointer, 77 Ill. 543; Haight v. McVeagh, 69 Ill. 624.

DAVIS, P. J. This action was brought by appellee to recover damages from the city of Bloomington, for injuries sustained by her from a fall upon a defective sidewalk.

Appellee fell through a defective covering over a cellar way on Madison street. The sidewalk in front of the building was twelve feet wide. The cellar way, over which the alleged defective covering was placed, extended from the building into the sidewalk about three and one half feet and was about five feet ten inches in width. Substantial iron railings two and one half feet high were on the north and south sides of the stairway, and extended eastward to the top of the stairway. Between each rail and the edge of the opening of the stairway was a distance of about six inches. The manager of the store in front of which the accident occurred, about two weeks be-

City of Bloomington v. Annett.

fore the alleged injury, had a platform built over the stairway, on which to put goods for display. During the daytime it was completely covered with goods,. which were at night taken inside and the platform usually removed. The platform was made of two large box ends or coverings, each about three feet square. The east ends rested on the sidewalk at the head of the stairway, the north and south sides on the space inside the railings, and the west ends, where they met in the middle of the stairway, rested upon a box about a foot square on the end, placed upright on the third step from the top of the stairs. These coverings lacked six or eight inches of extending westward to a line perpendicular to the face of the building. From the sill of the window, which was directly over and about three feet higher than the platform, the frame work slanted westward, so that at the level of the platform was an open space beyond the end of the platform of about three and one half feet. Just before the accident occurred appellee and four other ladies had been in the store, and on coming out appellee's attention was attracted to some glassware in the window immediately above the platform. She and the lady with her walked upon the platform close up to the window, and appellee fell into the cellar way either by the giving way of one side of the platform or by slipping off the end next to the building. Appellee received such injuries by the fall as to confine her to the house for several months and to require the attention of a physician and nurses in attending upon her.

It appears in evidence that appellee is a young married woman, living with her husband and supported by him, and it was not shown that she is possessed of separate property or engaged in the prosecution of a separate independent business.

On the trial below, appellee was permitted to prove, against the objections of appellant, that the services of appellee as housekeeper were worth four or five dollars a week from the time of the injury until the trial. Also that it would have cost $15 a week for a nurse during the same period of time. Appellee was also permitted to prove by her physician, against the objections of appellant, that his medical services in at-

tending upon her were worth about eighty or ninety dollars.

The court below, among other instructions to the jury for appellee gave the following:

" The court instructs the jury that if they find for the plaintiff they may, in estimating her damages, take into consideration all the pain and suffering undergone by the plaintiff, occasioned by the injury, if any is shown by the evidence, and expenses, including reasonable bills for nursing, if any are proved; for all her reasonable doctor bills as shown by the evidence; and if the jury find from the evidence that she was and is permanently injured by reason of the injury, the jury will consider this fact also and allow her all such damages as the jury may determine that she is entitled to under all the evidence in the case."

The jury found a verdict in favor of appellee for $1,800, and judgment was rendered against the city for that amount and an appeal taken.

Two principal reasons are given by appellant for the reversal of the judgment and errors are assigned covering both. One is, that there can be no recovery in this case because appellant had no notice of the dangerous character of the defect complained of in the sidewalk which occasioned the injury. The testimony introduced of actual notice of the condition of the sidewalk was not very strong or satisfactory, but what little was given to the jury tended to prove such actual notice. It was also proved that the sidewalk in question is on one of the public traveled streets of the city, not over a block from the court house, and had been in a dangerous condition for at least two weeks before the accident occurred. This brings the case within the rule that the corporate authorities knew or could have known by the exercise of reasonable diligence the unsafe condition of the walk in time to have remedied the defect before the accident. City of Aurora v. Dale, 90 Ill. 46.

The other reason for the reversal is, the admission of improper testimony for appellee, and giving improper instructions to the jury in her behalf.

To us it is very clear that the wife can not recover in this

action any damages to which the husband alone is entitled. If he has expended money in employing nurses for the wife or in paying the bills of the physician for attending upon her, or if she has lost time by being unable to attend to her household duties, the loss would be a damage sustained by the husband for which he alone could sue, and such damages should constitute no part of a verdict rendered in favor of the wife. At common law the husband was alone entitled to sue for the loss of the services of his wife, through the tortious acts of the defendant, and for the expenses he has incurred in doctors and nurses in curing her of injuries resulting from an assault upon her by the defendant, but when damages were sought to be recovered for the bodily pain suffered by the wife from personal violence, or for injuries to her personal feelings, the wife must be a plaintiff in the action and the husband joined with her for conformity. By the old law, therefore, it was often necessary to bring separate actions for the recovery of the entire damages resulting from an injury to the person of the wife, in one of which the husband alone was made plaintiff and in the other the wife was joined for conformity. 2 Addison on Torts, page 534, paragraph 1294.

And we apprehend that under our statute, now in force, separate actions would be necessary for the recovery of the entire damages, one for those sustained by the husband and one for those sustained by the wife.

In Tuttle v. C., R. I. & P. R. R Co., 42 Iowa, 513, an action brought to recover damages for personal injuries to the wife, it was held under a statute almost a copy of our own, that in such an action the wife can not recover for loss of time caused by the injury, unless she is engaged in the prosecution of a separate independent business which thereby suffered detriment. Nor can she recover for money expended in procuring medical attendance, and other expenses growing out of her injury, the husband alone having the right of action therefor.

It may be that in a case where the wife is dependent upon her own exertions for her support, and has, by contract, made herself liable for medical attendance and for the wages of nurses to care for her when unable, by the injuries received, to

take care of herself, she could recover such damages, but not in this case as now presented to us.

We think, therefore, the court erred in permitting such testimony to be given to the jury and in giving the instruction complained of by appellant.

The judgment must therefore be reversed and the cause remanded.

Judgment reversed.