SAMUEL B. TUTTLE ET UX., DEFENDANTS IN ERROR, v. THE ATLANTIC CITY RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued March 11, 1901—Decided June 17, 1901.

1. A woman seeing a car, which had been derailed while a flying drill was being made, coming out of the limits of a freight yard and across a public street at great speed towards the place where she was standing, in fright ran for safety and fell injuring herself. *Held*, that she was entitled to recover damages for such injury.

2. Where one by negligence puts another under a reasonable apprehension of personal physical injury, and in a reasonable effort to escape the latter sustains physical injury, a right of action arises to recover for the physical injury and the mental disorder naturally incident to its occurrence.

In tort. On error to the Supreme Court.

For the plaintiff in error, *J. Willard Morgan* and *Charles V. D. Joline.*

For the defendants in error, *Henry S. Scovel* and *William T. Boyle.*

The opinion of the court was delivered by

VROOM, J.   The writ of error in this cause brings up the record of a suit brought in the Supreme Court and tried at the Camden Circuit Court.   The defendant, the Atlantic City Railroad Company, maintained a freight yard on the south side of Mechanic street, in the city of Camden, and on the 25th day of September, 1899, while a flying drill was being made, one of the cars was derailed and dashed across Mechanic street, over two curbstones and two trolley tracks, and broke through the front of the house opposite, No. 293, belonging to a Mrs. Brennan.   At the time of the accident, Mrs. Tuttle, one of the plaintiffs, was on the sidewalk near the Brennan house, and looking she saw the car coming across the street at full speed; becoming frightened at the noise, she started to run, and when three or four doors below fell and injured her left knee.

At the close of the plaintiffs' case a motion for a nonsuit was made on the part of the defendant, upon the ground that if any negligent conduct had been proved on the part of the defendant by reason of this car having gotten away from where it belonged, the plaintiff was guilty of contributory negligence in going away from a place of safety to a place of insecurity; that she was at a safe distance from the car, and there was no occasion for her to remove from it.   The testimony, however, of the plaintiff was that she was in front of Mrs. Brennan's door, or had just passed it, when she saw the car coming over, and it was further disclosed by the testimony that this car, in coming across the street, was not running on any track.   Is it reasonable even to suppose that the plaintiff could have had any means of knowing the direction the car would take; she was rightfully on the street, and the unusual sight of a car crashing across the street at

full speed precluded any possibility of reflection as to the best thing to do. Acting under the impulse of fear, she ran, and just as the car crashed into the Brennan house she fell.

The motion to nonsuit was denied, and the trial resulted in a verdict for the plaintiffs.

The real question in issue in the case and to be determined by the jury was whether the plaintiff (Mrs. Tuttle), seeing the car approaching at great speed across this street, was justified in running to escape from what she supposed was an imminent danger.

In the case of *Stokes* v. *Saltonstall,* 13 *Pet.* 181, which was an action brought to recover damages sustained by the wife of the plaintiff by the upsetting of a stage coach in which she was a passenger, the question was whether the stage was upset by the negligence of the driver or by the act of the plaintiff and his wife in rashly and improperly springing from it. The court held that "if the want of proper skill or care of the driver placed the passengers in a state of peril, and they had at that time a reasonable ground for supposing that the stage would upset, or that the driver was incapable of managing his horses, the plaintiff was entitled to recover; although the jury may believe, from the position in which the stage was placed from the negligence of the driver, the attempt of the plaintiff and his wife to escape may have increased the peril or even caused the stage to upset, and although they also find that the plaintiff and his wife would probably have sustained little or no injury if they had remained in the stage."

And in the case of *Jones* v. *Boyce,* 1 *Stark.* 402, which was an action against a coach proprietor for so negligently conducting the coach that the plaintiff, an outside passenger, was obliged to jump off the coach, in consequence of which his leg was broken, Lord Ellenborough held: "To enable the plaintiff to sustain the action it is not necessary that he should have been thrown off the coach; it is sufficient if he was placed, by the misconduct of the defendant, in such a situation as obliged him to adopt the alternative of a dangerous leap, or to remain at a certain peril. On the other

hand, if the plaintiff's act resulted from a rash apprehension of danger, which did not exist, and the injury he sustained is to be attributed to rashness and imprudence, he is not entitled to recover."

The doctrine is concisely stated in 1 *Shearm. & R. Negl.* *89 : "If one is placed, by the negligence of another, in such a position that he is compelled to choose instantly, in the face of grave and apparent peril, between two hazards, and he makes such a choice as a person of ordinary prudence placed in such a position might make, the fact that if he had chosen the other hazard he would have escaped injury, is of no importance."

The contention of the defendant was that the plaintiff was in a safe place, and that while it was true that the sight of a car coming as this one did was unusual, still that there was nothing attendant upon it which should lead one, in a safe position, precipitately to leave it. The counsel for the defendant at the trial requested the judge to charge that if the jury believe that Mrs. Tuttle was at a safe location before the injury complained of, and was afterwards injured by removing from such safe place, she cannot recover, but this matter was correctly disposed of in the charge that "safe place is a term which is not easy to define. To charge that in this case she was 'in a safe place,' would be to charge that the circumstances which brought about this fright and terror under which she seems to have acted were not sufficient to warrant her in removing from that spot and seeking another which, in her judgment, and perhaps a mistaken judgment, she might have deemed safer. There is hardly enough evidence in this case to know whether it was exactly safe where she stood. It turned out afterwards to have been a safe place; but who could tell beforehand how many splinters from this car would fly in all directions, how many cobblestones or other things would fly around? You do not know when you see a car coming just what the end will be, and would naturally seek, possibly, a safer place than you think you occupy, although, after it is all over, you may find that where you stood was a safe place."

This is not a case involving the question whether an action can be sustained for mental anguish or injury unaccompanied by injury to the person; that this would not afford a ground of action is well settled.

In *Canning* v. *Williamstown,* 1 *Cush.* 451, it was held that there could be no recovery for risk and peril which caused fright and mental suffering, but those elements could be considered when there was bodily injury, however slight.

And in *Victorian Railway · Commissioners* v. *Coultas,* 13 *L. R., App. Cas.* 222, where, by a negligent act of the defendant, a collision with a railway train at a local crossing became imminent, but actual collision was· avoided. Nervous shock or mental injury, caused by fright at the occurrence, was held to be too remote a consequence of the defendant's act to be a ground of damage.

Mr. Justice Gummere, in *Ward* v. *West Jersey and Seashore Railroad Co.,* 36 *Vroom* 383, clearly states the rule when he says: "It sems to be universally conceded that mere fright, from which no physical suffering results, affords no ground for action," and he subsequently holds that "where personal injury as well as fright is produced by the wrongful act, the rule is entirely settled that the ·jury is entitled, in fixing the damages, to consider the mental agitation as well as the physical injury."

This harmonizes with the decision in *Consolidated Traction Co.* v. *Lambertson,* 30 *Vroom* 297, and *Buchanan* v. *West Jersey Railroad Co.,* 23 *Id.* 265.

It is not perceived that the question of recovery for peril, causing mere fright unaccompanied by physical suffering, is, in the remotest sense, presented in this case. The injury sustained by the plaintiff and for which recovery is sought was not the result of fright, but was due to. the falling down of the plaintiff and the injury to her knee. She was placed in peril by the negligent act of the defendant, and in her effort to escape from danger she fell and was injured. Does it require any stretch of imagination to believe that everyone in the neighborhood of this derailed car was frightened, and it would be extraordinary, indeed, if they attempted to escape and were injured that they should be without remedy.

I think the point decided in Buchanan *v.* West Jersey Railroad Co. governs this case. There a woman was lawfully on the railroad platform of the defendant. A piece of timber projected from one of the cars of a train so as to reach the platform, and in order to avoid being struck she was obliged to throw herself upon the platform. By reason of the shock to her nervous system her health was seriously impaired.

A verdict in her favor was sustained by the Supreme Court, Chief Justice Beasley saying: "The suit was not on the single ground that the plaintiff had been frightened. There was a basis for the action in the carelessness of the company which compelled the plaintiff to throw herself upon the platform, as such carelessness leading to that result was, *per se,* actionable. The fright was an incident to such cause of action, and a mere aggravation of the tort." See, also, *Vandenburgh* v. *Truax,* 4 *Denio* 464.

In the case under consideration the negligence of the defendant, in permitting the derailing and escape of the car, is too plain for argument, and it was such negligence as caused the plaintiff, in terror, to attempt to escape the peril by running, and in so doing she fell and was injured.

The true rule governing cases of this character may be stated as follows: That if a defendant, by negligence, puts the plaintiff under a reasonable apprehension of personal physical injury, and plaintiff, in a reasonable effort to escape, sustains physical injury, a right of action arises to recover for the physical injury and the mental disorder naturally incident to its occurrence.

The case below was properly submitted to the jury, and the judgment below should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, KRUEGER, ADAMS, VOORHEES, VROOM. 14.

*For reversal*—None.