# CHARLESTON.

## BURKE *v.* COUNTY.

Submitted June 2, 1910. Decided December 19, 1911.

1. HIGHWAYS—*Defects—Liability of County—Notice of Defect.*
   A county court is liable for injury to property of one using a highway arising from defect in it, though the defect is latent, and though the county court had no notice of defect.  (p. 175).

2. SAME—*Public Road.*
   A road used, worked, controlled and occupied as a public road by a county court is a public road within the meaning of code 1906, ch. 43, sec. 31 and sec. 53.  (p. 174).

Error to Circuit Court, Jackson County.

Action by G. O. Burke against the County Court of Jackson County.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*R. E. Hughes* and *John M. Baker,* for plaintiff in error.

*W. F. Boggess* and *N. C. Prickett,* for defendant in error.

BRANNON, JUDGE:

G. O. Burke brought an action against the county court of Jackson county to recover for damage to a steam wheat thresher by the breaking down of a wooden culvert or bridge on a public road, and having recovered verdict and judgment for $125.00, the county court brings the case to this Court.

Complaint is made for the overruling of a demurrer to the declaration.  The defect alleged is, that it does not sufficiently allege that the county court had opened, controlled, maintained and treated the road as a public highway.  The declaration alleges that when the accident occurred, and long before, the county court "used, worked, controlled and occupied" said road and highway, and kept and maintained the wooden culvert over a ravine, and that it was a public road for all.  This is a sufficient allegation to charge the county as for a public road.  The code, sec. 31, ch. 43, says that every road used and occupied as a public road shall, in all courts, be deemed such whenever its

establishment shall come in question.  The charge is that the county used, occupied and worked the road.  If so, it is a public road.  *Ball* v. *Cox,* 29 W. Va. 407; *Campbell* v. *Elkins,* 58 W. Va. 308.  Declaration good under those cases and *Waggoner* v. *Point Pleasant,* 42 *Id.* 798.

Various exceptions are made because of exclusion of evidence. We find them not ground of error, especially as it does not appear what was to be proven.  We have examined the instructions, We find no error in them.  We think as a whole they laid before the jury fairly the contention of the two sides, the question of liability of the county, and that of contributory negligence. They contain no points of law not already discussed and settled. We see no utility in discussing settled law in every case in which it arises, causing delay in the administration of justice and public expense.  In my own opinion much of it could be dispensed with.

The brief of the county counsel argues that a county court is not liable absolutely for damage coming from defect in a road, that it is not liable for latent defect, and not liable without notice of defect.  We understand that under the Code, sec. 53, ch. 43, the county is absolutely liable, if there is actionable defect.  No matter that the defect is latent, or whether the county court knows of the defect or not.  *Campbell* v. *Elkins,* 58 W. Va. 308; *Arthur* v. *Charleston,* 51 W. Va. 132; *Yaeger* v. *Bluefield,* 40 W. Va. 407.

We affirm the judgment.

*Affirmed.*

POFFENBARGER, JUDGE (*dissenting*) :

I think the court should have set aside the verdict in this case. Desiring to cross the culvert with a traction engine, several times heavier than the ordinary loads it was designed to carry, after having been notified that the culverts on the road were weak, the plaintiff drove the engine on it without having taken any reasonable precaution against accident.  The culvert was about sixteen feet long and supported by log stringers about eight inches in diameter.  These stringers, old and decayed, were unsupported by any middle pillars of any sort.  Advised of the weakness of the culverts on the road, he stopped the engine

before attempting to cross this one and examined it, but made no careful or adequate examination thereof. His own testimony is that he merely looked at the stringers, found them covered with bark and thought they were sound. He applied no test whatever. The stroke of an ax or hammer would have revealed the rottenness of the stringers, and fully disclosed the insufficiency of the culvert. Then he would have taken his engine through an adjacent field or set some braces under the stringers before going on the culvert and thus escaped the injury of which he complains. In view of these facts, I regard his attempt to cross the culvert as a plain and palpable assumption of risk, without legal necessity therefor.

I am also of the opinion that the court erred in giving plaintiff's instruction No. 4, telling the jury to find for the plaintiff, if the decayed condition of the stringers was the proximate cause of the injury, provided due caution and care were used in conducting the boiler and engine over the culvert. It embodies an unsound proposition which seems to have governed the trial, namely, that a traveler may unnecessarily assume a risk in the use of a defective highway, if he is careful in doing so. We have expressly condemned that theory in *Shriver* v. *County Court,* 66 W. Va. 685. It was not enough that the plaintiff "used due care and caution in conducting his said engine and boiler over said culvert," it being insufficient to bear the burden by reason of its decayed stringers, but the court here told the jury it was. Having knowledge of such condition, or under a duty by reason of notice to make a reasonable investigation which would have revealed it, he was bound to go *extra viam,* if he could, or shore up the culvert to the point of safety, if he could do that, by reasonable effort and without unreasonable delay. *Shriver* v. *County Court,* cited. This instruction wholly ignores that duty of the plaintiff, nor does any other given impose it. Some were given which, in general and abstract terms, gave the defendant the benefit of the principle of contributory negligence, but they were so worded as to conceal the true application of it to the facts in the case. In other words, they do not modify the false proposition propounded in the one here analyzed. Thus defendant's instruction No. 6 tells the jury the plaintiff cannot recover, if, knowing the engine would probably break the culvert down,

he did not "proceed with such boiler and engine with greater care and caution than would be required of him with lighter vehicles," and defendant's instruction No. 8 that they should find for the defendant if the plaintiff was guilty of contributory negligence "in not using ordinary care in proceeding along the public road in question, at the point therein complained of, with a traction boiler and engine." Under these, the jury were at liberty to find for the plaintiff, if they believed he exercised care in the matter of propelling his engine and none in any other respect. In other words, they were relieved from inquiry as to whether he knew the culvert was dangerous, or made a reasonable effort to ascertain the defect of which he undoubtedly had notice. He admits the road surveyor told him the culverts were all weak and likely to break down under his heavy engine and furnished him two two inch boards for use in passing over them, and also that he laid the boards aside and investigated this culvert only to the extent of looking at the stringers and seeing they still had bark on them. All this the jury could ignore under these two instructions and were virtually directed to ignore by plaintiff's instruction No. 4. The false proposition embraced in plaintiff's instruction No. 4 and not negatived in any given for the defendant was asserted in plaintiff's instruction No. 2 also, which reads as follows: "The court instructs the jury that if they believe from the evidence in this case that the traction engine and boiler which the plaintiff was propelling along the public highway when the bridge broke as alleged in the declaration in this case, was of ordinary weight for such engines it was not necessary for him, plaintiff to carry with him boards or planks to be used for the purpose of strengthening the culverts or bridges which he should pass over with his engine and boiler, in order to enable him to recover in this case and that as to whether or not the engine and boiler which plaintiff was propelling as aforesaid, was an engine and boiler of ordinary weight such as is propelled along the highways of this county, the jury are the judges from the evidence in the case." In saying plaintiff was under no duty to carry boards with him, this instruction may be correct, but it carries by implication the unsound proposition we have been discussing. Its common sense construction is that the plaintiff was under no duty to attempt to avoid injury

otherwise than by carefully moving his engine, however defective the culvert, and however thoroughly he knew it. In correctly telling the jury he need not carry certain boards to strengthen defective culverts, the court incorrectly relieved the plaintiff of all duty respecting a bald defect, except to drive carefully in attempting to get over it. Plaintiff's instruction No. 3 carries the same vice. It reads as follows: "The Court instructs the jury that if they believe from the evidence that the traction engine and boiler of the plaintiff which was injured was of such weight as it was usual to propel over the roads of Jackson county, and that at the time the injury to the same occurred, the plaintiff was propelling the same with the use of due care and diligence, and was not negligent; but that the proximate cause of the injury to said engine was the decayed condition of the timbers in the bridge mentioned in the evidence, then they should find for the plaintiff such damages as they may consider the evidence shows him entitled to recover." The phrase "not negligent" leaves the false direction of this instruction in full force, since it is not defined. It means not negligent in merely propelling the engine.

The reasons here expressed, constrain me to dissent.