## CHARLESTON

WARTH v. COUNTY COURT OF JACKSON COUNTY.

Submitted March 7, 1911.   Decided October 29, 1912.

1.   HUSBAND AND WIFE—*Action—Parties.*
       A married woman may sue alone, or make her husband co-plaintiff, in an action for damages for a personal injury.   (p. 185).

2.   SAME—*Action—Damages.*
       In such action, the wife can not recover for loss of time and money expended in effecting her cure, unless she avers and proves that she employed her time, or some material part of it, in her own separate earnings or business, and that she has paid the expenses of her cure out of her separate estate, or that she is personally liable therefor.   (p. 189).

3.   SAME.
       A married woman, having no separate business or estate, employing her time wholly about her husband's household affairs, who sues for a personal injury, can recover damages only for physical pain, mental anguish and impairment of her capacity to enjoy life.   (p. 189).

4. HIGHWAYS—*Use for Travel—Liabilities for Injuries—Contributory Negligence.*

In view of the statute, (sec. 53, ch. 43, Code 1906), proof of knowledge by the road overseer of a defect in the public highway for a sufficient time to enable him to make repairs, is not essential to establish negligence for failure to keep the highway in repair. (p. 186).

5. SAME.

Unless a defect in a public highway, known to the traveler, is so obviously dangerous that no person of ordinary prudence would assume the risk of attempting to drive over or by it, it is for the jury to determine whether or not he has been guilty of negligence in doing so. (p. 188).

6. NEGLIGENCE—*Contributory Negligence—Acts in Emergencies.*

One whose negligence has placed another in a perilous situation can not escape liability for an injury resulting from his effort to escape from the danger, provided he used such prudence and judgment as an ordinarily prudent person would have used, in view of all the circumstances. (p. 188).

7. SAME—*Driver's Negligence Contributable to Traveler.*

A traveler on the highway in a vehicle driven by another is not generally required to exercise the same degree of care as the driver to avoid accident; still, if he has equal knowledge of a defect in the highway and knows that the driver is about to drive by, or over it, and neither protests nor offers to get out of the vehicle, and is injured, the negligence of the driver, if any, is attributed to the traveler. (p. 187).

Error to Circuit Court, Jackson County.

Action by Cora Warth against the County Court of Jackson County. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*R. E. Hughes* and *John M. Baker,* for plaintiff in error.

*Thomas Coleman,* for defendant in error.

WILLIAMS, JUDGE:

Mrs. Cora Warth recovered a judgment for $262.50 against the county court of Jackson county, as damages for a personal injury resulting from being thrown from her buggy because of a defect in the public highway; and the county court obtained this writ of error.

Defendant pleaded the general issue, and also tendered a plea styled ".Plea in Bar." The court rejected this plea, and that

is assigned as error. The substance of the plea is, that plaintiff is a married woman and that she was living with her husband both at the time of, and since, the accident. But that fact does not bar her right, in view of the married woman's act, to sue, without uniting her husband, and recover for a personal injury. The common law rule which required the husband to join the wife in an action for personal injury to her is abrogated by statute in this state. The husband is not now a necessary party to such suit; the wife may sue alone, or join her husband at her election. *Stevens* v. *Friedman,* 58 W. Va. 78; *Normile* v. *Wheeling Traction Co.,* 57 W. Va. 132; and *Gross* v. *Gross,* 17 W. Va. 317, 73 S. E. 961.

It is insisted, in brief of counsel for defendant, that the proof does not establish the fact that the road in question is a public highway. But, in addition to the testimony of witnesses proving the road had been worked for very many years by the road overseer for the precinct, which in our opinion is sufficient proof under the decisions in *Sheff* v. *City of Huntington,* 16 W. Va. 308, (Syl. pt. 15) ; *Campbell* v. *City of Elkins,* 57 W. Va. 308; *Burke* v. *County Court,* 70 W. Va. 174, 73 S. E. 304, the record notes an agreement between opposing counsel, made at the trial, that it is a public road. No witness denies that the road is a public highway.

Section 53, ch. 43, Code 1906, places an absolute liability on the county court to a person injured in person or property because of a defect in the public highway. *Biggs* v. *Huntington,* 32 W. Va. 55; *Gibson* v. *Huntington,* 38 W. Va. 177. It is, therefore, not necessary, in order to establish negligence, to prove that the road overseer had previous notice of the defect and time to make repairs. *Arthur* v. *Charleston,* 51 W. Va. 132. But the liability imposed by the statute does not absolve the traveler from the duty to exercise reasonable care for his own safety in the use of the highway. He can not recover if he recklessly subjects himself to obvious dangers. *Phillips* v. *Ritchie,* 31 W. Va. 377; *Moore* v. *Huntington,* 31 W. Va. 842.

It is proven, and not denied, that the water had washed a ditch fifteen to eighteen inches deep and about three feet wide, near the middle of the road, for a distance of twenty feet, or more; that there was barely room for a vehicle to pass along the

road, on only one side of this ditch; that the road had been in that condition for more than a week, and growing more dangerous with each recurrence of rainfall. The above facts are not denied, and they prove defendant's negligence.

The only defense is, that plaintiff was guilty of contributory negligence, and, therefore, can not recover. Was she guilty? Plaintiff and her husband had driven over the road about three o'clock P. M. on the day of the accident, to visit the husband's father, about three miles distant; on returning the same afternoon, about the time it was beginning to get dark, but still light enough to see the ditch, plaintiff's husband attempted to drive by it and the bank of the ditch gave away under the weight of the horse and precipitated him into the ditch. Plaintiff and her husband are the only eye witnesses to the accident, and they both say that when the horse went down into the ditch the pole of the buggy was over his back, and that, in lunging to get out, the horse came up under the tongue and turned the buggy over against the bank; and, that as plaintiff was attempting to get out of the buggy, the horse again lunged, suddenly jerking the buggy and throwing plaintiff to the ground, breaking her arm.

The husband was driving the team, plaintiff exercised no control over it, but appears to have entrusted the driving wholly to her husband. Ordinarily a passenger riding in a vehicle driven by another is not held to the same degree of care to keep a lookout for dangerous places in the road that is required of the driver. But if the passenger knows of any existing, or approaching danger, whether it be known or unknown to the driver, he is negligent if he fails to call the driver's attention to it, or tries, in some way, to avoid it. In this case it appears that plaintiff and her husband both knew of the ditch and both saw it at the time, but it does not appear that she offered to get out, or that she protested against his undertaking to drive by it. Hence, it follows that, if it was negligence for the husband to assume the risk of driving by the ditch, his negligence is attributable to the wife; or, in other words, that she was guilty of contributory negligence. 1 Sher. & Red. on Neg. (5th ed.), secs. 66a and 67; Elliott on Roads & Streets, (2nd ed.) sec. 844; *Hoag's Adm'x.* v. *Railroad Co.,* 111 N. Y. 199; *Dyer* v. *Railway*

*Co.,* 71 N. Y. 228; *Transfer Co.* v. *Kelly,* 36 O. St. 86; *Miller, Adm'r.* v. *Railway Co.,* 128 Ind. 27; *Borough of Carlisle* v. *Brisbane,* 113 Pa. St. 544; *Nesbitt* v. *Town of Garner,* 75 Iowa 314; *Smith* v. *Railroad Co.,* 87 Me. 339; *Howe* v. *Railroad Co.,* 62 Minn. 71, 54 Am. St. Rep. 616.

Plaintiff and her husband both say he was driving very carefully, and were on the same side of the ditch that they had passed over only a few hours before; that it was not too dark to see the road and the ditch, and that he did see it and was very careful to avoid getting into it; that, notwithstanding the care he used, the bank of the ditch gave away under one of the horses, and that the solid roadbed on which he was driving was only about six feet wide. The road was in constant use; other witnesses say they drove over it the same day and plaintiff and her husband had passed over it safely only a few hours before. Therefore, we can not say, as matter of law, that the risk was so obviously dangerous that a reasonably prudent person would not have assumed it, and that plaintiff displayed such reckless disregard for his safety, in attempting to drive by the ditch, as amounts to negligence *per se.* It was for the jury to say whether or not plaintiff exercised such reasonably sound judgment as an ordinarily prudent person would have exercised, in the premises. If she did, she was not negligent. Elliott on Roads & Streets, (2nd ed.) sec. 636; *Hoag* v. *Railroad Co.,* 111 N. Y. 199; *Howe* v. *Railway Co.,* 62 Minn. 71, 54 Am. St. Rep. 616; *Ewing* v. *Lanark Fuel Co.,* 65 W. Va. 726; *Normile* v. *Wheeling Traction Co.,* 57 W. Va. 132.

It is claimed that plaintiff was negligent in trying to get out of the buggy, that if she had remained in it she would not have been hurt. But whether or not she was negligent in that act *is* a question of fact for the jury, and not one of law for the court. If plaintiff was not negligent in assuming the risk of driving by the ditch and was reasonably careful in the act of driving, a fact fully proven by the testimony of both husband and wife, and not denied by any other witness, she was not negligent in trying to free herself from a dangerous situation, in which she found herself because of defendant's negligence, if she exercised reasonable precaution in doing so. If, by the negligence of another, a person is placed in a perilous position, and is compelled instantly

to choose between two hazards, and makes such choice as an ordinarily prudent person would make, if placed in a similar situation, he will not be held guilty of negligence, if he happens to choose a means of escape which results in his injury. 1 Sher. & Red. on Neg. (5th ed.), sec. 89; *Tuttle* v. *Railroad Co.,* 66 N. J. L. 327, 49 Atl. 450, 88 Am. St. Rep. 491; *Stokes* v. *Saltonstall,* 13 Peters 181; *Dyer* v. *Railway Co.,* 71 N. Y. 228. "One who places another in peril can not complain if he does not exercise the best judgment in extricating himself from such peril." *Voak* v. *Railroad Co.,* 75 N. Y. 320. Whether she exercised such reasonable care in alighting from the buggy as she ought to have done, in view of all the surroundings, is a question of fact for the jury.

There is evidence of another road which intersects the road in question, about a mile or a mile and a half from the point of accident, over which plaintiff might have returned. But there is no proof that it was in any better condition than the road used by plaintiff. Only one witness testified as to its condition; he had been over it twice, and was asked what kind of a road it was for traveling over with buggies, and replied, "I was not scared to ride up it, but was afraid to ride down." In view of all the facts and circumstances, it was for the jury to say whether or not plaintiff was negligent in not using this other way. *Shriver* v. *County Court,* 66 W. Va. 685.

Plaintiff was permitted to introduce evidence tending to prove damage for loss of time and expense in effecting her cure, as well as damage for physical pain and mental anguish, notwithstanding she had not averred that her time was used in her own separate business and admitted that she had no separate business and that she employed her time in looking after the household duties for her husband. To admit such proof, it was essential to aver and prove that her time was employed, either in whole or in part, for her own separate earnings or business. *Richmond Ry. &c. Co.* v. *Bowles,* 92 Va. 738; *Atl. & Danville Ry. Co.* v. *Ironmonger,* 95 Va. 625. Notwithstanding our statute (ch. 66, sec. 12, Code 1906) permits a married woman to engage in business on her own account, and makes her earnings, whether derived from her separate property or from her individual labors, her sole and separate property, yet, until she chooses to

so employ her time, the husband is entitled to it; and, in an action for a personal injury, she can not recover for loss of time, nor for money expended in effecting a cure, unless it has been paid out of her separate estate, or unless she is personally liable therefor. The following cases so construing statutes, similar to ours, respecting the personal and property rights of married women, are in point: *Richmond &c Co.* v. *Bowles,* 92 Va. 738, 24 S. E. 388; *Atl. &c. Railroad Co.* v. *Ironmonger,* 95 Va. 625; *Fleming* v. *The Town of Shenandoah,* 67 Iowa 505, 25 N. W. 752; *Railway Co.* v. *McGinnis,* 46 Kan. 109; *City of Wyandotte* v. *Agan,* 37 Kan. 528; *City of Central City* v. *Engle,* 65 Neb. 885; *City of Bloomington* v. *Annett,* 16 Ill. App. 199.

In harmony with the foregoing authorities are the cases of *Harmon* v. *Railroad Co.,* 165 Mass. 100, 42 N. E. 505, 30 L. R. A. 658, and *Fife* v. *City of Oshkosh et al.,* 89 Wis. 540, 62 N. W. 541. In the two cases last cited the wife was engaged in business on her own account, and was, therefore, permitted to recover for loss of time and impairment of her capacity to earn money.

Counsel for plaintiff rely on the case of *Normile* v. *Wheeling Traction Co.,* 57 W. Va. 132, as authority for the right of the wife to recover for loss of time. But it does not appear, from a reading of the report of the case, that Mrs. Normile claimed, or that she was allowed, anything for loss of time. The following quotation from the opinion, at page 134, seems to imply that she was not. Judge SANDERS says: "Where the action is brought by the husband and wife for a wrong to the wife, there can be no recovery for what is special damage to the husband."

In view of the admission that plaintiff's time was employed for the benefit of her husband and that she had no separate business or earnings, the only elements of damage for which she can recover are, physical pain, mental anguish and impairment of capacity to enjoy life.

What would be a just compensation for plaintiff's injury is a matter for the reasonable judgment of the jury; there is no rule by which to approximate her damages with anything like mathematical accuracy. We could not say that the verdict for $262.50 is excessive, even if it had been given for physical pain and mental anguish alone; but, in view of the fact that an in-

struction was given which told the jury they might allow damages for loss of time, we are unable to see to what extent the verdict is affected by that instruction; and, for that reason, if for no other, the judgment must be reversed.

### PLAINTIFF'S INSTRUCTIONS.

No. 1 is bad; it fails to submit to the jury whether or not plaintiff was negligent in attempting to drive by the ditch; it directs a verdict for the plaintiff on the finding by the jury of certain facts not alone conclusive. A binding instruction should submit to the jury the whole case, all the controverted facts that are material.

Nos. 2, 3, 4, 5, and 6 correctly state the law, and were properly given.

No. 7 is bad, because it authorizes the jury to consider plaintiff's loss of time as an element of damage.

### DEFENDANT'S INSTRUCTIONS.

Defendant's instruction No. 1 is bad, because it would have told the jury that defendant is liable only in case it is guilty of wanton, willful and reckless negligence. This is not the law and the instruction was properly refused.

No. 4 was properly refused, because it assumed, as matter of law, that plaintiff was negligent in attempting to drive by the ditch, knowing of its existence. As we have before said in this opinion, it was for the jury to say whether or not that amounted to negligence.

No. 7 was properly refused, because it is a binding instruction and leaves out of account, as elements of damage, physical pain, mental anguish and impairment of capacity to enjoy life.

No. 8 should have been given. It would have told the jury not to allow plaintiff anything for loss of time and money paid for medical attention and nursing, if they found that her time had been given to her husband's business, and that she had not paid out anything for medical skill or nursing. Plaintiff's own admission shows that she was not entitled to damage for those items.

No. 11 should also have been given. It would have told the jury that, if they believed plaintiff was injured by attempting

to jump from the buggy, she can not recover for such injury, unless they further believed "that a person acting with due care and caution, under all the circumstances presented in this case, would have believed it necessary to so jump therefrom in order to prevent personal injury, and that she used ordinary care and caution in doing so." The ordinary care meant is such care as an ordinarily prudent person would exercise, in view of the exciting circumstances. It was a proper presentation of the law relating to the question of plaintiff's contributory negligence, if any, in getting out of the buggy, and should have been given.

It was not error to refuse to submit to the jury the list of interrogatories propounded by defendant's counsel. The answer to no one, or more, of them, even if not consistent with the general verdict, could have controlled it. This question was recently decided by us in *Lyons* v. *Fairmont Real Estate Co.*, W. Va. —, — S. E. ——; and we refer to the discussion of the question in the opinion in that case as being equally applicable here, and we deem a further discussion of it unnecessary. See also, *Peninsula Land Co.* v. *Insurance Co.*, 35 W. Va. 666; *Wheeling Bridge Co.* v. *Wheeling & Belmont Bridge Co.*, 34 W. Va. 155.

On account of the errors herein pointed out, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*