# CHARLESTON

COLEBANK v. STANDARD GARAGE CO.

Submitted November 24, 1914.   Decided December 22, 1914.

1. MUNICIPAL CORPORATIONS—*Streets—Evidence.*

   In an action wherein the issue is whether defendant negligently injured plaintiff by driving an automobile on him in a public highway, proof that the place where the injury was inflicted was a street opened to the public and used for travel by the public generally, is sufficient. Acceptance by the public authorities need not be shown. (p. 391).

2. EVIDENCE—*Opinion Evidence.*

   On the trial of an issue whether the driving of an automobile was

negligent, it is improper to admit in evidence the opinion of witnesses that the speed was *unreasonable.* . (p. 391).

3.  APPEAL AND ERROR—*Presentation Below—Admission of Evidence.*
     Error in the admission of testimony, to which no objection was ·made and no exception saved below, will not avail on appeal, but will be treated as waived. (p. 392).

Error to Circuit Court, Marion County.

Action by Malinda B. Colebank against the Standard Garage Company. Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial awarded.* ·

*Geo. M. Alexander,* ·*Chas. Powell,* and *A. J. Colborn,* for plaintiff in error.

*Harry Shaw,* for defendant in error.

ROBINSON, JUDGE:

While walking in a street of a new addition to the city of Fairmont, plaintiff was struck by an automobile belonging to the defendant company, operated by a chauffeur in the ordinary line of defendant's business. She was severely but not permanently injured. In this action against the garage company, upon a declaration stating a good cause of action, she has been awarded damages for the injury. From the judgment defendant brings error.

The street where plaintiff was walking when injured was paved only in the middle of the roadway. On side of the paved portion was occupied by a street car track. There were no sidewalks. Plaintiff, in going from her home to the house of a relative, was pursuing her way along this street, walking on the car track. Upon the approach of a street car, she started to cross to the opposite side of the street and was struck by the automobile.

Plaintiff says the driver of the automobile was negligent. Defendant says plaintiff herself was negligent. Under the evidence in the case, which it will serve no good purpose to detail, the question' whether there was negligence warranting recovery or contributory negligence barring recovery was for the jury to settle, in the light of proper instructions.

The declaration says that plaintiff was injured on a public highway, but defendant submits that the place where plaintiff was injured, was not proved to be such—that no acceptance of the street by the public authorities was shown. Liability for the negligent act charged, would be the same though it did not take place on a public highway. Plaintiff, however, describing in her pleading how the injury came to her, named the place where it happened. And for the purpose of a case like this one, we think she sufficiently proved the averment as to the place. It appears from the evidence that the street on which she was injured, had been dedicated to the public, and that the public had ever since used it for travel. It was laid off as a street in the new addition, paved as such, and used as such for travel by the public generally. For this case, what more should plaintiff show? It is not a case to charge the public authorities for liability growing out of a defective street or road. In cases of that kind, of course it must be proved that the public authorities have assumed control of the highway—accepted it, and thereby assumed responsibility in regard to it. Plaintiff has shown that the street is what she averred it to be as pertinent to the statement of her case—a public highway in the sense that it is one used generally by the public for travel. As to her rights or the rights of defendant in this case, why is it important or material to show that the public authorities actually accepted control of the street? It is neither important nor material to the issue here involved. As far as plaintiff and defendant were concerned the street was a public one, and both were using it as such. As to the public authorities it may not have been such. *Hast* v. *Railroad Co.,* 52 W. Va. 397; *Ray* v. *Railway Co.,* 57 W. Va. 333.

Witnesses were asked to give their opinions whether the speed of the automobile was *unreasonable.* Their opinions that it was, were admitted in evidence over the objection of defendant. A bill of exceptions saves the point. Clearly it was error to admit such testimony. The witnesses might as well have been permitted to give their opinion as to whether defendant was negligent. Whether the rate of speed was reasonable or unreasonable was for the jury to say upon proof of facts and circumstances in that relation—not for

any witness to say. It was an issue for the jury to determine upon evidence as to the surroundings and the actual rate of speed the automobile was making. Instead of introducing such evidence, so that the jury could express their own opinions therefrom, they were asked to take and use as their own the opinions of witnesses on a matter so closely related to the issue of negligence which they were trying that it was virtually the same thing. Witnesses can not so be substituted for the jury. It is like asking a witness to give his opinion from what he observed of an assault, as to which one of the parties was the aggressor. The witnesses might have given their opinions as to the miles per hour, the chauffeur was driving the car. That was a matter not necessarily calling for expert opinion. They could enlighten the jury on that score, and thus enable the latter to say whether the rate was unreasonably fast and therefore negligent. But in reaching a conclusion on the question the jury should have been left free to exercise their own opinions on the facts and circumstances, regardless of the opinions of others. Babbitt on Motor Vehicles, 397; *Alabama etc. Railroad Co.* v. *Hail,* 105 Ala. 606. These witnesses did not even give the actual rate of the speed of the automobile with other facts and circumstances as a basis of their opinions. Had they done so, the error might have been harmless. *Neeley* v. *Town of Cameron,* 71 W. Va. 144.

Plaintiff is a married woman. That fact appeared on the trial, but without more as to her marital situation. She testified as to expenditures for her restoration and cure, as to the loss of her clothes, and as to loss of time. It is submitted that this testimony is inadmissible under *Warth* v. *County Court,* 71 W. Va. 184, wherein we decided that a married woman, not engaged in separate business for herself, employing her time wholly about her marital household affairs, can not recover for a personal injury any damages other than for physicial pain, mental anguish, and impairment of her capacity to enjoy life. Plaintiff testified that she herself paid out the sums that were expended to effect her restoration and cure. That is evidence of the expenditure of separate estate, for which she is entitled to recover. The evidence as to the value of her clothes torn and lost to her,

and the evidence as to loss of time was objectionable, since presumably the clothes were furnished by her husband, and since it did not appear whether the time lost was from marital or separate estate duties. But there was no objection to all this evidence. It went in unchallenged, and no point was saved as to it. The point can not avail under the exception to the overruling of the demurrer to the declaration, for that pleading does not aver whether plaintiff is married or unmarried. By its face plaintiff is entitled to recover all that she asks therein. Error in the admission of evidence, to which no objection was made and no exception saved below, will not avail on appeal, but will be treated as waived.

It was not improper to ask the chauffeur and another witness on cross-examination whether the chauffeur was licensed. Defendant sought to show the qualifications and experience of its employee, the chauffeur, and the fact that he was not licensed was pertinent thereto.

No novel propositions calling for discussion are raised by the giving and refusing of instructions.

The error noted is prejudicial. We must therefore reverse the judgment, set aside the verdict and award a new trial.

*Reversed and Remanded.*