William **FLANNERY**, Committee for Michael George Flannery, Appellee,

v.

**UNITED STATES of America,** **Appellant.**

No. 80–1563.

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1981.

Decided May 21, 1981.

Marc Johnston, Civil Division, Dept. of Justice, Washington, D. C. (Alice Daniel, Asst. Atty. Gen., Washington, D. C., Robert B. King, U. S. Atty., Charleston, W. Va., Anthony J. Steinmeyer, Civil Division, Dept. of Justice, Washington, D. C., on brief), for appellant.

Ray L. Hampton (Lafe C. Chafin, Barrett, Chafin, Lowry & Hampton, Huntington, W. Va., on brief), for appellee.

Before WINTER, Chief Judge, HAYNSWORTH, Senior Circuit Judge, and HALL, Circuit Judge.

K. K. HALL, Circuit Judge:

The United States appeals from a judgment entered by the district court in favor of William Flannery, Committee for Michael Flannery, under the Federal Tort Claims Act (Act), 28 U.S.C. § 2671, *et seq.* Because we conclude that the dispositive issues of this case present questions of West Virginia state law for which there appears no controlling precedent, we certify the questions set forth in Part IV of this opinion to the West Virginia Supreme Court of Appeals, pursuant to that state's certification statute, W.Va.Code Ann. § 51–1A–1, *et seq.*, (1981 Replacement Vol.).

I.

On October 27, 1974, Michael Flannery's vehicle was struck by another automobile at an intersection in Huntington, West Virginia. The automobile was owned by the United States and was being operated by a government employee in the course of his employment. As a result of his injuries, Flannery was left permanently semi-comatose.

William Flannery, as committee for Michael Flannery, filed a personal injury claim against the government pursuant to the Act. After the administrative remedies of the Act were exhausted, a complaint was filed in federal district court.

The case was tried to the court without a jury, and West Virginia law was applied to determine the government's liability in accordance with Section 2674 of the Act. After separate trials on liability and damages, the court found the government employee negligent and entered judgment in Flannery's favor for $2,300,000.00. This award included, in part, $1,300,000.00 for the impairment of Flannery's capacity to enjoy life, and $535,855 for his lost earning capacity.

On appeal, the government does not challenge the district court's finding of liability. Rather, the government argues (1) that the

damage award for impaired capacity to enjoy life was not sanctioned by West Virginia law; (2) that the award for lost earning capacity did not reflect the impact of federal income taxes; and (3) that both awards were excessive.

## II.

▮ The court found that due to his semi-comatose condition, Flannery could not experience pain, suffering, pleasure or any other sensation. However, the court determined that under West Virginia law, impaired capacity to enjoy life was separable from pain and suffering, and was recoverable despite Flannery's inability to sense his impairment. The court concluded that Flannery had been totally deprived of his capacity to enjoy life and, therefore, was entitled to damages.

The government contends that under West Virginia law, impaired capacity to enjoy life is an element of pain and suffering and, like pain and suffering, is necessarily dependent upon the plaintiff's ability to sense and experience the injury. Because Flannery in his semi-comatose state cannot sense his impairment, the government argues that he is not entitled to recover. Flannery's representative counters that Flannery's impairment is a clear and undeniable fact. The representative characterizes the government's argument as an attempt to take advantage of the severe injuries its employee inflicted.

Both parties cite the decisions of the West Virginia Supreme Court of Appeals in *Nees v. Julian Goldman Stores, Inc.*, 109 W.Va. 329, 154 S.E. 769 (1930), and *Warth v. Jackson County Court*, 71 W.Va. 184, 76 S.E. 420 (1912). Neither of these cases is dispositive. In *Nees* the court discussed the difficulties of measuring certain types of compensatory damages. During this discussion, the court posed the question:

> "Who shall measure physical pain, mental anguish, *or* impairment of capacity to enjoy life?"

1. Similar statements are made in *Larzo v. Swift & Co.*, 129 W.Va. 436, 40 S.E.2d 811 (1946); *Gibbard v. Evans*, 87 W.Va. 650, 106 S.E. 37

109 W.Va. at 339, 154 S.E. at 774. [Emphasis added]

Because the court listed these injuries in the disjunctive, the district court concluded that impaired capacity to enjoy life was independently recoverable. However, later in the same opinion, the *Nees* court stated:

> "The elements of damages for which [the plaintiff] could recover were physical pain, mental anguish, *and* impairment of her capacity to enjoy life."

109 W.Va. 340, 154 S.E. at 774. [Emphasis added]

In *Warth*, the court discussed the propriety of certain instructions tendered by the defendant. In regard to a proposed instruction on damages, the court stated:

> "No. 7 was properly refused because it is a binding instruction and leaves out of account, as elements of damage, physical pain, mental anguish, *and* impairment of capacity to enjoy life."

71 W.Va. at 191, 76 S.E. at 423.[1] [Emphasis added]

These decisions indicate that West Virginia recognizes impaired capacity to enjoy life as an injury, but they offer no guidance for determining whether a semi-comatose plaintiff is entitled to recover for such an injury. This question presents difficult legal and policy considerations which we believe should be addressed first by the highest court of the state.

## III.

▮ The government requested the district court to measure Flannery's lost earning capacity by his potential net income after federal income taxes. The government argued that the wages Flannery would have earned in the future would have been subject to federal income taxes and, therefore, the proper measure of this loss was his net wages. The court permitted the introduction of evidence on the issue, but rejected the government's position on the basis of the ruling in *Crum v. Ward*, 146 W.Va. 421, 122 S.E.2d 18 (1961).

(1921); and *Colebank v. Standard Garage Co.*, 75 W.Va. 389, 84 S.E. 1051 (1915).

*Crum* involved the jury trial of a personal injury action. The defendant requested the trial court to instruct the jury that, in the event they returned a verdict for the plaintiff, they could not "add any sum to what you would otherwise find on account of Federal income taxes." 146 W.Va. at 442, 122 S.E.2d at 30. The defendant requested further instruction that as a "matter of law any amount you award the plaintiff by your verdict is not income to the plaintiff within the meaning of Federal tax law." *Id.* The trial court refused to give the instruction, and the Supreme Court of Appeals affirmed that ruling on the ground that such instructions would involve too many variables and would only confuse the jury. 146 W.Va. 444, 122 S.E.2d at 31.

The government argues that *Crum* applies only to jury trials because the court, sitting as fact-finder, would not be confused by the tax issue. Although the authorities cited in *Crum* voice concerns which extend beyond simple jury confusion, we agree that *Crum* by its express terms is limited to jury trials. We feel this issue is a proper subject for certification.

### IV.

Accordingly, we certify the following questions to the West Virginia Supreme Court of Appeals:

1. Under West Virginia law, is a plaintiff in a personal injury action, who has been rendered permanently semi-comatose by his injuries and is therefore unable to sense his injuries, entitled to recover for the impairment of his capacity to enjoy life?

2. Under West Virginia law, must the trial court, when sitting as the finder of fact in a personal injury action, deduct from the plaintiff's award for lost earning capacity an amount equal to the federal income taxes which would have been levied upon such income had it actually been earned?

This opinion shall constitute the statement of relevant facts required by the West Virginia certification procedure, W.Va.Code Ann. § 51–1A–3 (1981 Replacement Vol.).

To afford counsel the opportunity to comment upon both our statement of the relevant facts and the proposed questions prior to certification and to suggest modifications thereto, the formal certification order will be stayed for fourteen days from the filing of this opinion. Any comments or suggestions filed by counsel within this time period will be taken under advisement and the facts and the questions will be modified as we deem proper. Our formal order of certification will provide that all fees and costs in the West Virginia Supreme Court of Appeals shall be equally divided among the parties.

*AN ORDER WILL ISSUE.*