# CHARLESTON.

FOREST EARL PARSONS v. COUNTY COURT OF ROANE COUNTY.

Submitted November 21, 1922.   Decided December 5, 1922.

1.   BRIDGES—*County Court Liable for Injury from Defective Bridge Except in Municipalities Where Charters Require Public Ways Kept in Repair.*

   Under section 53, chapter 43, Code 1906, a county court was made liable in terms for any injury sustained by a person by reason of a public road or bridge in its county being out

of repair, except if the place where an injury occurred were inside an incorporated city, town or village which by its charter was required to keep its public ways in repair, then the primary liability was fixed on the city, town or village. (p. 494).

2. STATUTES—*Construction Should Not Lead to Absurdity, if Avoidable.*

A statue should not be construed so as to lead to absurdity, if such construction can be avoided. (p. 495).

3. BRIDGES—*County Court Liable for Injury on Public Bridge Outside Municipality.*

Section 49, chapter 52, Acts 1909, amending section 53, chapter 43, Code 1906, does not in terms make a county court liable for an injury sustained by a person by reason of a public road or bridge being out of repair, if the place where the injury was sustained, is outside an incorporated city, town or village, but to exempt a county court from such liability would be absurd and would be in conflict with the general principles of law theretofore enacted by the Legislature upon the subject; hence the amendment can not be held to exclude a county court from such liability, though the injury occurred on a public bridge outside an incorporated city, town or village. (p. 495).

4. STATUTES— *Legislature, in Re-enacting Construed Statue, Presumed to Know Construction.*

When a statute has been construed by this court and it is thereafter re-enacted by the Legislature in the same or substantially the same terms, there is a presumption that the Legislature was familiiar with the construction put upon it and had that in mind when the statute was re-enacted. (p. 497).

5. SAME—*County Held Liable for Accident on Defective Bridge Outside Municipality, Under Re-enactment of Law Adopting Construction of Former Law.*

Under section 53, chapter 43, Code 1906, county courts were liable to any person who was injured by reason of a bridge in the county being out of repair, where the bridge was outside an incorporated city, town or village. In 1909 this section was amended, chapter 52, section 49, Acts 1909, but the amendment does not in terms make county courts liable for such injuries; subsequently this court, without noting the amendment, held county courts liable thereunder as if no such amendment had been made. Chapter 66, section 153,

Acts 1917, re-enacted the 1909 statute. By such re-enactment the Legislature adopted the construction put upon it by this court; therefore, under it a county court is liable for such injury, though the bridge is outside an incorporated city, town or village.  (p. 497).

6.   BRIDGES—*County Held Liable for Injury on Defective Bridge,
When Not Legally Closed to Footmen.*

When a public bridge is being repaired by a county court, and it is closed to vehicles and animals by placing barriers at each end, sufficiently high to enable footmen to stoop under the barriers and use the bridge, and footmen are permitted to so use the bridge, and no notices are posted as required by law, warning the public that the bridge is closed, such bridge is not lawfully closed to public travel by footmen, and the liability of the county court to a footman for an injury received by him by reason of the bridge being out of repair is not suspended by reason of the making of repairs to the bridge or the erection of such insufficient barriers thereon.  (p. 497).

7.   DAMAGES—*A Verdict for $475 for Permanent Injury to Arm
Not Set Aside for Inadequacy, Where no Pecuniary Loss
Shown.*

A verdict for $475 in an action for personal injury sustained by reason of a public bridge being out of repair, whereby plaintiff's arm was permanently injured, will not be set aside because of inadequacy, where no pecuniary loss is shown. (p. 498).

Error to Circuit Court, Roane County.

Action by Forest Earl Parsons against the County Court of Roane County.  There was a conditional verdict for plaintiff on defendant's demurrer to the evidence.  The defendant moved to set aside the verdict as inadequate, which the court overruled, and thereupon sustained defendant's demurrer and dismissed the action.  Plaintiff brings error.

*Reversed; Judgment on the verdict.*

*S. P. Bell,* for plaintiff.

*John W. Lance* and *Harper & Baker,* for defendant in error.

MEREDITH, JUDGE:

Plaintiff, a boy nine years of age, in an action for personal injuries received by falling through a public bridge while

it was undergoing repairs, obtained a conditional verdict for
$475 on defendant's demurrer to the evidence. He made a
motion to set aside the verdict because it was inadequate;
this motion the court overruled. Thereupon the court
sustained defendant's demurrer and dismissed the action.
Plaintiff prosecutes this writ of error.

Before considering the assignment of error it is necessary to
review the facts. On August 25, 1919, defendant was re-
pairing a certain public bridge, part of the Glenville and
Spencer road, which bridge spans Spring Creek, near to but
outside the town of Spencer. Defendant had put up a
barrier across each end of the bridge, so as to prevent vehicles
and animals from crossing the bridge, but the barriers were
sufficiently high that footman, by stooping, could and did
go under them and pass over the bridge while the repairs
were being made. A number of footmen were so using the
bridge the day the accident occurred. The bridge is 197 feet
long. The day of the accident, about midway of the bridge,
the workmen had taken up a section of the flooring from
twelve to sixteen feet in length and extending across the
width of the bridge, leaving exposed in the space from which
the flooring had been taken the beams, which were three
inches thick, placed eighteen inches apart, and running length-
wise the bridge. Plaintiff, in company with his sister Eunice
Parsons, a girl about thirteen, and Dan Tanner, a boy about
fourteen years of age, was crossing the bridge, carrying a
basket of produce for market in Spencer. While walking on
one of these beams, holding his basket with one hand and the
bridge railing with the other, some workmen dropped a heavy
piece of timber on the bridge, jarring loose his hold on the
railing and he fell through the open space to the ground, about
twenty feet below, sustaining a broken arm and other injuries.
The injury to the arm is permanent. He had approached
the bridge from what is known as the "Calhoun" end. About
132 feet east of that end there was a path which led from
the road down a grade to a temporary crossing over Spring
Creek. This temporary crossing consisted of two planks pro-
vided for persons desiring to cross the creek while the bridge

was being repaired. Whether the plaintiff knew of this path or the temporary crossing is not disclosed.

The defense relies upon three grounds:

1. That under the statute, county courts are not liable to any person who sustains an injury to his person or property by reason of a public road being out of repair, where the place of injury on such public road is outside an incorporated city, town or village.

2. That at the time of the injury in this case, the bridge was not open for public travel, and the statutory liability, if any, was suspended during the time the bridge was closed for necessary repairs.

3. That plaintiff was guilty of contributory negligence.

Referring to the first or main ground, our attention is directed to the law making county courts, cities, towns and villages liable for such injuries as it stood prior to the enactment of section 49, chapter 52, Acts of the Legislature, 1909, and to the changes made by that statute. The statute originally was:

> "Any person who sustains an injury to his person or property by reason of a public road, or bridge, in a county, or by reason of a public road, bridge, street, sidewalk or alley in an incorporated city, village or town, being out of repair, may recover all damages sustained by him by reason of such injury, in an action on the case in any court of competent jurisdiction, against the county court, city, village or town in which such road, bridge, street, sidewalk or alley may be, except that such city, village or town shall not be subject to such action, unless it is required by its charter to keep the road, bridge, street, sidewalk or alley therein, at the place where such injury is sustained, in repair. If it is not so required, the action and remedy shall be against the county court." Chapter 43, section 53, Code 1906.

The statute was amended in 1909, section 49, chapter 52, so as to read: "Any person who sustains an injury to his person or property by reason of a public road, bridge, street, sidewalk or alley in an incorporated city, town or village being out of repair, may recover all damages sustained by him by

reason of such injury'' etc.   It will be observed that the words in the original statute ''*in a county*, or by reason of a public road, bridge'' have been dropped from the statute of 1909.   The original statute in terms made county courts liable for injuries due to roads or bridges being out of repair where the road or bridge was in a county, but if the road or bridge where the injury was sustained was in a city, town or village, which by its charter was required to keep it in repair, then the primary liability was fixed on the city, town or village. Why this change was made we do not know.   The omitted line may have been dropped inadvertently.   To construe the statute as amended literally, might exclude liability of county courts for such injuries sustained at a point on a public road or bridge, if such point were outside an incorporated city, town or village; and since the city, town or village in most instances is under the law responsible for such injuries sustained within its corporate limits, the effect would be to relieve county courts in all such cases, so that they would be liable only in cases where the injury was sustained inside a municipality that was not by its charter required to keep the public way in repair.   This construction would also give rise to the singular situation, that one injured by reason of a defect in a public way outside a municipality could not recover damages from the county court; but if it was sustained on a public way inside a municipality, he could recover, from the municipality if it was required by its charter to keep the way in repair, and if it was not, then from the county court.   This would be absurd, and we do not believe that the legislature meant to make county courts liable solely in those exceptional cases for injuries sustained inside a municipality where liability is not imposed upon the municipality by its charter, and wholly relieve them from all liability for injuries sustained outside a municipality.   For many years prior to 1909, county courts were made liable by statute for injuries sustained by reason of public roads or bridges under their control being out of repair.   At common law they were not liable.   Their liability for such injuries, if such exists, is purely statutory.

Since the 1909 statute was enacted, a number of decisions holding county courts liable for such injuries have been rendered by this court, but it appears that in none of them has the change in the statute been noted. The opinions in most instances do not disclose the date of the injury on which the action was based, but we have examined the records and find that in the following cases the injuries occurred before the statute was amended, though decided after the amendment: In *Burke* v. *County Court,* 70 W. Va. 174, 73 S. E. 304, decided December 19, 1911, the injury occurred in August, 1907; in *Warth* v. *County Court,* 71 W. Va. 184, 76 S. E. 420, decided October 29, 1912, the injury occurred in May, 1908; in *Shipley* v. *County Court,* 72 W. Va. 656, 78 S. E. 792, decided June 24, 1913, the injury occurred June 18, 1904. So these cases have no application to the question. But without noting the change in the statute, this court, in the case of *Whittington, Admr.,* v. *County Court,* 79 W. Va. 1, 90 S.E. 821 decided October 17, 1916, where the injury occurred November 20, 1913, assumed no change was made, and Judge Williams, in his opinion, says: "The statute, section 56 a (49) chapter 43, Barnes' Code, makes a county court liable to any one who sustains an injury in person or property, 'by reason of a public road *** being out of repair.' This statute has been held to impose an absolue liability, that is, a liability not necessarily depending on the negligence of a public official whose duty it is to keep the road in repair, but depending upon the fact of its being in repair." While the county court was held not liable in that case, it was on the ground that the road was not out of repair, not because the place where the injury occurred was outside a municipality. It will be observed that the section of the statute referred to is the same as the 1909 statute. Again in *Williams* v, *Main Island Creek Coal Co., et al,* 83 W. Va. 464, 98 S. E. 511, decided February 25, 1919, where the injury occurred May 23, 1916, the county court was held liable under the same statute; it is there cited as "56a (49) and 56a (50) ch. 43, Code 1913." There the injury occurred at a point outside a municipality.

Now we find that after this court had in effect said that

the amendment of 1909 did not affect the liability of county courts under it, nor render them not liable for injuries occurring on public roads outside of municipilities, but that it remained as under the prior statute, the Legislature, in the Good Roads Law of 1917, chapter 66, section 153, re-enacted section 49, chapter 52, Acts 1909, without change. It may be properly assumed that the Legislature was familiar with the decisions of this court interpreting the 1909 statute and that it re-enacted the statute with these decisions in mind, thereby adopting the construction put upon it. It is under this statute as re-enacted that defendant's liability is fixed. We therefore are of opinion that county courts, under the statute re-enacted, were liable for such injuries, though they were sustained at a point outside a municipality. We note that the same provision is carried forward with only slight change in the Road Law enacted in 1921, chapter 112, section 167. For these reasons we think the first ground urged by defendant is not tenable.

Defendant's second objection to the verdict is that the bridge was not, within the meaning of the statute, open to public travel, and that during the period it was being repaired, defendant's statutory liability was suspended. But the record shows it was open for footmen. Many others besides plaintiff used it while the repair work was being done. The record shows that the superintendent in charge of the work on one occasion assisted some ladies in crossing the bridge, after the barriers had been put up. But if closed, it was not closed as the statute, ch. 66, sec. 90, Acts 1917, directed. No notices stating the necessity of closing it nor describing the part closed, were posted as there directed. No such notice was posted at the point of the road where the path led to the temporary crossing, nor was there any barrier placed there. By reason of this failure and the fact that the court permitted the bridge to be used by footmen in crossing, we can not say as a matter of law it was not open to travel, and this defense is not available. *Wilson* v. *City of Wheeling,* 19 W. Va. 323.

But as a third ground, defendant's counsel say plaintiff, as a matter of law, was guilty of contributory negligence. We

can not so hold. He was a young boy, only 9 years and 2 months old. He was attempting to do what many persons older than he had been doing. He was following the lead of Dan Tanner, a boy fourteen years old. Older persons passed over in safety; why not he? It was but natural that he should attempt it. As was stated by Judge LYNCH, *in Deputy* v. *Kimball*, 73 W. Va. 595, 80 S. E. 919, "What may be deemed negligence by adults may not be chargeable as negligence by infants. In determining whether or not plaintiff is guilty of contributory negligence, the conduct of children should not be judged by the same rules which govern adults. Ordinary care for them is that degree of care and prudence which children of the same age are accustomed to exercise under like circumstances." Whether plaintiff, under the circumstances, was guilty of contributory negligence was a matter to be determined by the jury, and the jury found for the plaintiff upon that question.

It therefore follows that for the above reasons the court erred in sustaining defendant's demurrer to the evidence and dismissing the case.

But plaintiff also moved the court to set aside the verdict because it was inadequate. Under the former decisions of this court we can not set aside the verdict, though we have no doubt his arm is permanently injured and he ought to have a verdict for a greater amount. In *Kennedy* v. *Glen Alum Coal Co.*, 72 W. Va. 635, 78 S. E. 788, this court refused to set aside a verdict for $200, which a boy under fourteen years recovered for loss of half of one foot, though the court, had it been fixing the damages, would have fixed a greater amount. Plaintiff had failed to prove any pecuniary loss; so in the present case. No attempt was made here to prove any pecuniary loss. The jury fixed the amount and we can not disturb the verdict.

For the foregoing reasons, the judgment will be reversed, and defendant's demurrer to the evidence overruled; plaintiff's motion to set aside the verdict will also be overruled, and judgment will be entered here upon the verdict.

*Reversed; Judgment on the Verdict.*