# CHARLESTON.

## CARRIE A. LANDAU v. JOHN S. FARR

### (No. 5925)

Submitted October 25, 1927.    Decided November 1, 1927.

1. DAMAGES—*To Recover for Medical Attention and Nursing in Personal Injury Action, Evidence Must Show They Were Necessary, and Charges Were Reasonable.*

   In an action for personal injuries, no recovery can be had for medical attention and nursing, unless it appears from the evidence that the same were fairly necessary and that the charges therefor are reasonable.    (p. 446.)
   (Damages, 17 C. J. §§ 128, 201.)

2. APPEAL AND ERROR—*Verdict for Pain and Suffering Will Not be Set Aside as Inadequate, Unless so Small as Clearly to Indicate Jury Was Improperly Influenced.*

   · A verdict awarding compensation for pain and suffering will not be set aside as inadequate, unless the recovery is so small as clearly to indicate that the jury was influenced by improper motives.    (p. 447.)
   (Appeal and Error, 4 C. J. § 2850; Damages, 17 C. J. § 397.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action by Carrie A. Landau against John S. Farr.    Verdict for plaintiff for less than she asked, and she brings error.
*Affirmed.*

*Geo. I. Neal,* for plaintiff in error.

*L. L. McClure, John W. Perry, L. R. Via,* and *George S. Wallace,* for defendant in error.

HATCHER, PRESIDENT:

The plaintiff in this case was injured by a fall of an elevator in the hotel of the defendant. As damages for her injuries she received a verdict of $1,000, which she seeks to have set aside.

Two affidavits were filed by her with the trial court. One was made by a juror, and the other by a son of the plaintiff, containing what he had been told by a juror   As the effect of the affidavits is to impeach the verdict, settled law forbids their consideration. *Reynolds* v. *Tompkins*, 23 W. Va. 229 (236).

Plaintiff offers two reasons for setting aside the verdict: One is that she proved pecuniary loss amounting to a sum nearly twice as great as the recovery; the other is that the amount awarded is grossly insufficient as compensation for her discomfort and suffering.

On the first proposition plaintiff's son testified to obligations incurred and money expended by him for his mother at her request while she was sick and recuperating, amounting to $1,930.66.   The major portion of this sum is for nursing and medical attendance.

The evidence shows that during plaintiff's sickness and convalescence she had been attended by five different physicians and about the same number of nurses.   She offered no testimony to prove the necessity of so much professional service or that the charges therefor were reasonable.   One of the physicians who treated her, Dr. A. S. Jones, was called by the defendant.   He testified that one competent physician would have been sufficient for her case, and that while the several nurses were a comfort to the plaintiff, ''good general care such as was ordinarily taken of a patient at the hospital was all that was necessary in her case''.   It was shown that the defendant paid the general hospital charges amounting to $462.75.

Under the evidence, the jury had the right to reject the payments and obligations incurred by the son for the plaintiff, on either of two theories: (a) that the defendant had paid for such professional treatment and care as was reasonably necessary; or (b) that the charges for the extra treatment were not shown to be reasonable.   ''To constitute a recoverable element of damages the expense must have been necessary and reasonable.''   17 C. J. p. 802.   The burden of proving this is on the plaintiff.   17 C. J. p. 917 (Sec. 201).   ''The measure of the recovery under this head is not neces-

-sarily the amount paid for medical attendance. The reason-
.ableness of the charges must be established. The reasonable
charges intended are the reasonable charges of the profession
generally and not the usual charges of the particular physi-
cian or surgeon." 6 Thompson on Negligence, Sec. 7329.

On the second proposition, evidence for plaintiff showed that
·she was 65 years old at the time of her injury; that the bones
of her right leg were fractured in three places; that the heel
bone of her left foot was broken; that her injuries had occa-
sioned and continued to give her great pain and discomfort;
that she had become very nervous; that at the trial, which
·occurred eight months after the accident, she was still com-
pelled to use crutches; and that her right leg was from one-
half to three-fourths of an inch shorter than the other.

Dr. Jones, however, testified that plaintiff's fractures had
been properly set, and that ordinarily there was very little
pain to fractures properly reduced; that during the first few
weeks or months that a re-knit limb is used, there is some
·soreness and discomfort which ceases with use and as the
muscles regain their strength; and that plaintiff at that time,
"should be in pretty good shape. She should be returning
to her normal condition by this time."

The evidence on behalf of plaintiff, if literally true, would
entitle her to a larger verdict than she received. The jury
had a right, however, to give full credence to the statements
of Dr. Jones; and it evidently concluded from his testimony
that the pain and discomfort of plaintiff was to some extent
exaggerated. In any event we could not disturb the verdict
merely because it seems too little. The law furnishes no
measure for pain and suffering. It leaves the amount of
compensation for injuries of this character to the sound dis-
cretion of the jury. It recognizes no authority in a court to
substitute its opinion for that of the jury. "A new trial on
a mere difference of opinion between the court and jury as to
the amount of recovery in an action of tort for unliquidated
damages ought not to be granted." *Berry* v. *Lake Erie R.
Co.,* 72 Fed. 488 (491). Judicial interference is never per-
missible unless the compensation is so small as clearly to indi-
cate that the jury was influenced by improper motives.

2 Sutherland Damages (4th Ed.) Sec. 459; 17 C. J. p. 1087, Sec. 397.

In *Farley* v. *Missouri R. R. Co.*, 34 Tex. Civ. App. 81, the verdict was for $1,000.00, the same amount as that returned here. Farley was a machinist, aged 61 years, with an earning capacity of $100.00 a month. His right leg was broken, his left heel mashed, an arm was mashed, a wrist was burned, and his head was seriously gashed. He was confined to his bed for two months and was permanently incapacitated. It would seem that his injuries were graver than are those of the plaintiff in this case. The court was of the opinion in the *Farley* case that the verdict was too little, but that it was not small enough to indicate prejudice, and accordingly refused to set it aside.

*Hamilton* v. *Pittsburgh Ry. Co.*, 104 Ill. App. 207; *Schmidt* v. *Chicago Ry. Co.*, 108 Minn. 329; *Evans* v. *Delaware Co.*, 6 Kulp (Pa.) 465; *Jones* v. *New Orleans Co.*, 129 La. 788; *Berry* v. *Lake Erie Ry. Co.*, *supra; Walters* v. *Detroit Ry. Co.*, 183 Mich. 549, are cases in which verdicts ranging from $200.00 to $3,000.00 were returned as compensation for the fracture or loss of limbs, usually in conjunction with other injuries. In those cases we find expressions from the several courts that the damages were "somewhat small", "undoubtedly less than usually awarded", "less than the court thinks should have been given", and "the court would have been better satisfied if a larger verdict had been returned". In each case, however, the court held that the verdict could not be disturbed upon the ground of inadequacy.

In *Kennedy* v. *Glen Alum Coal Co.*, 72 W. Va. 365, the plaintiff had suffered the loss of about half of his foot. The verdict was for only $200.00, yet the court refused to set it aside as inadequate. See the opinion and cases cited, page 627.

A verdict of $475.00 was under consideration in *Parsons* v. *County Court*, 92 W. Va. 490. Parsons had sustained a broken arm in connection with other injuries. His arm was permanently disabled. In the opinion in that case the court said: "He ought to have a verdict for a greater amount, * * * the court, had it been fixing the damages, would have

fixed a greater amount," * * * but "the jury fixed the amount, and we cannot disturb the verdict".

The trial court heard the evidence in this case and observed the conduct and bearing of the witnesses. Its refusal to disturb the verdict is entitled to great weight. 4 C. J. p. 835, Sec. 2818. Before we could set aside this verdict we would have to hold, not only that the jury was influenced by improper motives, but that the trial court abused its discretion in sustaining the verdict. Under the authorities above cited, the evidence does not warrant such a holding. The judgment of the lower court is therefore affirmed.

*Affirmed.*