MELVIN E. RICHMOND

*v.*

OATHER B. CAMPBELL

and

JAMES F. RICHMOND, ETC.

*v.*

OATHER B. CAMPBELL

(No. 12288)

Submitted May 5, 1964.          Decided June 23, 1964.

*Ashworth & Ashworth, John C. Ashworth,* for appellant.

*Mann & Mann, Jack A. Mann,* for appellee

BERRY, JUDGE:

These actions arose out of an accident involving an automobile owned by the defendant, Oather B. Campbell, and a motor scooter owned by the plaintiff, Melvin E. Richmond, and being operated by his son, James F. Richmond, which occurred on September 5, 1961, near Piney View, Raleigh County, West Virginia, on U. S. Route 19. The action of plaintiff James F. Richmond, who was under 21 years of age at the time of the institution of said action, was brought through his father as his next friend, to recover damages for personal injuries as a result of the accident. The action of the plaintiff Melvin E. Richmond was brought in his own right for damages to the vehicle owned by him, loss of wages as a result of the injury to his son and for hospital and medical expenses incurred in connection with the injuries to his son. These actions were consolidated and tried together in the Circuit Court of Raleigh County, West Virginia. The jury returned verdicts in favor of James F. Richmond in the amount of $5000.00, and in favor of Melvin E. Richmond for $1500.00. Motions to set aside the verdicts were timely made by the plaintiffs and overruled by the trial court, after which final judgments were entered by the said trial court on

July 6, 1963. Upon application on behalf of both plaintiffs in the consolidated actions to this Court for an appeal from the judgments of the trial court, an appeal was granted on November 4, 1963. The consolidated actions were submitted on arguments and briefs to this Court for decision at the April Special 1964 Term.

The accident in question occurred while the plaintiff James F. Richmond and the defendant, Oather B. Campbell, were on their way home from work, each proceeding in the same direction on U. S. Route 19, near Piney View, with the plaintiff James F. Richmond riding a small motor scooter in front of the defendant, Oather B. Campbell. Both the plaintiff and defendant had proceeded on the highway for some distance in this manner, although the defendant, who was driving his automobile at about 40 miles per hour, closed the distance slightly between the vehicles until he was finally about a hundred feet behind the motor scooter, at which time James F. Richmond started to turn into the driveway leading to his home, and the defendant, not being able to pass the motor scooter on the left because of an approaching automobile, applied the brakes on his automobile but was unable to stop his vehicle and it struck the rear of the motor scooter, throwing James Richmond onto the hood of his automobile, and then off onto the side of the road, seriously injuring him.

The weather at the time of the accident was clear, although it had been raining and the highway was wet. The defendant Campbell stated that the plaintiff Richmond gave no signal of his intention to turn to the right or to stop, and that when he came to the top of a small rise in the highway he was about 100 feet behind this plaintiff, at which time the motor scooter was almost stopped. He stated that he first intended to go around but was prevented from doing so because of an oncoming car, and that when he applied his brakes he skidded into the motor scooter. The operator of the motor scooter, James F. Richmond, stated that he gave a hand signal about 20 feet before he attempted to turn right and that the stop light on his motor scooter was in working order the evening before the accident. He further stated that he did not

know anyone was following him, that no signal by horn or otherwise was given by the defendant and that he could not see defendant in the rear vision mirror because it was fogged up.

The questions of negligence and contributory negligence were submitted to the jury under proper instructions of the court, and the jury resolved the question of liability in favor of the plaintiffs. It is conceded by the defendant that the question of liability is not involved in this appeal.

Three motions were made in the trial court by the plaintiffs to set aside the verdicts of the jury. A motion was made on behalf of each of the plaintiffs to set aside the verdicts in their favor and to grant a new trial to each of them. A motion was made by the plaintiff Melvin E. Richmond for a new trial upon the issue of damage alone. All of the motions were overruled by the trial court. It is the contention of the appellants, plaintiffs below, that the trial court erred in not setting aside the verdicts and in not awarding to them new trials because the verdicts were inadequate, contrary to the law and evidence, and contrary to the instructions of the court; that error was committed in the refusal to give Instruction Number 4, offered by the plaintiffs; and that the court erred in not awarding the plaintiff Melvin E. Richmond a new trial upon the issue of damages alone.

The plaintiff James F. Richmond received severe injuries in the accident which included a compound, comminuted fracture of the lower leg, concussion, contusions and abrasions about the face and body, the fracture of the lower right leg necessitating the use of a cast on the leg which was worn from September 5, 1961, until April 11, 1962. He remained in the hospital for a period of two weeks and was then cared for by his mother at his home. As a result of the injuries his right leg was left about three-quarters of an inch shorter than his left leg and his right leg was atrophied to an extent that it was an inch or more smaller than the other one. After being discharged from the doctors' care and upon the completion of physio-therapy treatments on October 4, 1962, over a year

after the accident, it was the opinion of the doctors that although he could do work around filling stations, clerk in a store and drive a truck, he would be physically unable to do strenuous manual labor because of his injuries.

It is conceded by the parties that Melvin E. Richmond, father of James, is entitled to recover on his own behalf for loss of wages of his infant son, and for the actual medical, hospital and other expenses incurred as a result of the injuries to his son and the jury was so instructed by the court. The exact amount proved during the trial of this case as to expenses incurred for injuries received by James Richmond for medical, hospital and other expenses amounted to $1400.55, and the loss of wages during the time he was incapacitated from the date of the injuries to the time he was discharged by the doctors amounted to $4598.53, or a total of $5999.08.

James F. Richmond had been recently graduated from high school, and the day of the accident was the first day of any employment for him. He had completed a full nine hours day of work and was returning home from work at the time the accident occurred. His employer testified that he was to receive $1.65 per hour and was to work nine hours a day, which amounted to the figure set out above and contained in the plaintiffs' evidence. There was no evidence contradicting the testimony of the employer that he would have had work for the plaintiff James Richmond if he had not been injured.

It is the contention of the appellant, plaintiffs below, that both verdicts should have been set aside and the plaintiffs awarded a new trial on all issues involved because of the trial court's failure to give Instruction Number 4 offered by the plaintiffs. This Instruction would have in effect instructed the jury that the plaintiff James F. Richmond was not required to ascertain whether an automobile was following him unless he was made aware that an automobile was following him by a signal or otherwise, and that if he had no reason to believe that a vehicle was approaching him from the rear, it was not his duty to give a stopping or turning signal. The plain-

tiffs assert that the case of *Leftwich* v. *Wesco Corporation,* 146 W. Va. 196, 119 S. E. 2d 401, is authority for the giving of such Instruction. The *Leftwich* case is not authority for such Instruction. It is true that it stated a proposition of law applicable to that case that the driver of a vehicle was not required to ascertain whether a vehicle was following him unless he was made aware of it by some signal or otherwise. However, this statement does not mean that the driver of a vehicle can entirely ignore vehicles approaching from the rear and he may be required to keep a lookout for vehicles approaching from the rear where there is anything present that might call his attention to a following vehicle. The driver of a forward vehicle cannot make sudden and unexpected stops that may imperil vehicles approaching from the rear and must in all events comply with the requirements of the law with regard to the giving of signals indicating his intention of turning off the highway, all of which is contained in the authority cited in the *Leftwich* case for such proposition. 60 C.J.S., Motor Vehicles, §322. On the same page of the opinion in the *Leftwich* case, wherein the above proposition of law applicable to that case was stated, it is clearly stated that if a person intends to turn off the highway he must follow the proper procedure as required by law, that is, in West Virginia he must give a continuous signal during not less than the last 100 feet before turning of his intention to turn either right or left. It was clearly not error for the trial court to refuse to give Instruction Number 4 offered by the plaintiffs. Then too, this Instruction deals solely with the question of liability which was resolved by the jury in favor of the plaintiffs.

The verdict returned by the jury in favor of James F. Richmond in the amount of $5000.00 is based entirely on pain and suffering received by him as a result of the injuries. No pecuniary loss is involved in connection with this verdict and judgment thereon.

It has been held that a verdict for personal injury caused by negligence of a defendant to compensate a plaintiff only for his pain, suffering and permanent injury will not be set aside for inadequacy where no pecuniary

loss is shown. *Kennedy* v. *Glen Alum Coal Co.,* 72 W. Va. 635, 78 S. E. 788. Compensation for pain and suffering is an indefinite and unliquidated item of damages and there is no rule or measure upon which it can be based. The amount of compensation for such injuries is left to the sound discretion of the jury, and there is no authority for a court to substitute its opinion for that of the jury. A mere difference in opinion between the court and the jury as to the amount of recovery in such cases will not warrant the granting of a new trial on the ground of inadequacy unless the verdict is so small that it clearly indicates that the jury was influenced by improper motives. *Landau* v. *Farr,* 104 W. Va. 445, 140 S. E. 141; *Koontz* v. *Whitney,* 109 W. Va. 114, 153 S. E. 797. There is no evidence in this case to indicate in any manner that this verdict was influenced by any improper motives, nor can it be said that it was in an amount so small as to shock the conscience. Consequently, we cannot say that the trial court abused its discretion by sustaining the verdict in favor of James F. Richmond. *Landau* v. *Farr, supra; Dinwiddie* v. *Hamilton,* 201 Va. 348, 111 S. E. 2d 275.

This Court has held that verdicts returned by juries in similar cases for amounts which were far smaller than the verdict returned in favor of the plaintiff James Richmond for his pain and suffering would not be set aside. *Kennedy* v. *Glen Alum Coal Co., supra; Parsons* v. *Roane County Court,* 92 W. Va. 490, 115 S. E. 473; *Landau* v. *Farr, supra.*

We are therefore of the opinion, from the facts and circumstances relative to the $5000.00 verdict in favor of the plaintiff James Richmond, that it was a proper verdict which was wholly within the province of the jury, and that there was no abuse of discretion on the part of the jury in the returning of such verdict, or on the part of the trial court in refusing to set it aside. This verdict is therefore affirmed.

The verdict of the jury in the amount of $1500.00 returned in favor of the plaintiff Melvin E. Richmond pre-

sents an entirely different situation. It relates to pecuniary damages which were subject to definite ascertainment. The evidence clearly indicates, and is undisputed, that the plaintiff Melvin E. Richmond suffered medical, hospital and other pecuniary damages in the amount of $1400.55, and the loss of wages suffered by virtue of the injuries received by his infant son from the date of the injuries to the date of his discharge by his doctors which amounted to $4598.53. It is settled law that a parent can recover for loss of wages in cases of this kind. 39 Am. Jur., Parent and Child §§ 71, 74; *Torgeson* v. *Hanford,* (Wash.) 139 P. 648.

The total amount of such loss incurred by the plaintiff Melvin E. Richmond is clearly shown by the evidence in this case to be $5999.08, and the trial court specifically instructed the jury by Instructions 7 and 8, offered by the plaintiff and given by the court, that the plaintiff Melvin E. Richmond was entitled to recover such damages. The verdict clearly shows that either the jury disregarded such Instructions, or the verdict constituted a mistake. It has been held that where verdicts in such cases do not cover the actual pecuniary loss properly proved and it can be clearly ascertained that the verdict is inadequate, such verdicts will be set aside. *Anderson* v. *Lewis,* 64 W. Va. 297, 61 S. E. 160; *Kennedy* v. *Glen Alum Coal Co.,* *supra.*

In the case presented here it is conceded by the defendant that the question of liability has been resolved in favor of the plaintiff Melvin E. Richmond, and it was not contested by defendant on this appeal, but on the other hand was admitted in both his argument and brief. Therefore, there is only one issue to be dealt with in connection with this verdict; that is, the question of damages.

This Court has held that a verdict may be set aside and a new trial granted on the single issue of damages. *Chafin* v. *Norfolk and Western Railway Co.,* 80 W. Va. 703, 93 S. E. 822; *Stone* v. *United Fuel Gas Co.,* 111 W. Va. 569, 163 S. E. 48. Rule 59 (a), R.C.P., effective at the time of the trial of this case also provides that a new trial may

be granted to any of the parties on all or part of the issues. It was therefore error for the trial court to overrule the motion of the plaintiff Melvin E. Richmond for a new trial on the issue of damages alone.

For the reasons stated herein, the action of the Circuit Court of Raleigh County in overruling the motion to set aside the verdict in favor of the plaintiff James F. Richmond in the amount of $5000.00 and entering judgment thereon, is affirmed. The action of the Circuit Court of Raleigh County in overruling the motion to set aside the verdict in favor of the plaintiff Melvin E. Richmond and to award him a new trial on the issue of damages alone, and in entering judgment thereon in the amount of $1500.00, is reversed and a new trial granted to the plaintiff Melvin E. Richmond upon the issue of damages alone. This case is remanded to the Circuit Court of Raleigh County with directions to proceed with the disposition of the action of *Melvin E. Richmond* v. *Oather B. Campbell* in accordance with the holding enunciated herein.

> *Affirmed in part;*
> *reversed in part;*
> *new trial awarded on*
> *issue of damages.*