·ELSA M. KINGDON

*v.*

DOUGLAS STANLEY

(No. 13529)

Decided June 10, 1975.

836

*File, Payne, Scherer & Brown, W. H. File, Jr.*, for appellant.

*Thornhill, Kennedy & Vaughan, W. A. Thornhill, III* for appellee.

BERRY, JUSTICE:

The appellant, Douglas Stanley, appeals from a judgment of the Circuit Court of Raleigh County which set aside a jury verdict for the appellee, Elsa M. Kingdon, in the amount of $750 for pain and suffering, and granted the appellee a new trial. This Court granted the appeal on October 10, 1974 and the case was submitted for decision on the briefs and oral arguments on behalf of the respective parties on May 6, 1975.

The action arose out of an automobile collision which occurred on State Route 54 in Raleigh County, West Virginia, on November 16, 1972. Immediately prior to the collision, the appellee had stopped her vehicle behind a private bus, the driver of which was waiting to make a left turn. The appellant who was traveling in the same direction as the appellee and who had been follow-

ing the appellee was momentarily distracted by his lunch bucket falling over in the floor of his vehicle. When he returned his attention to the road and saw the appellee's automobile immediately in front of him, he applied his brakes and turned sharply to his right but was unsuccessful in avoiding a collision with the rear of the appellee's automobile. The force of the impact knocked the Kingdon vehicle into the opposite lane of traffic where it collided with an oncoming automobile.

Evidence at the trial showed that the appellee, Elsa M. Kingdon, had suffered a cervical sprain as a result of the collision. The testimony of medical experts indicated that Mrs. Kingdon's injury would result in some residual pain. An orthopedic surgeon who testified on behalf of the appellant stated that his examination of Mrs. Kingdon showed the prior existence of a mild hypertrophic or degenerative condition in the cervical and dorsal spine and that the cervical sprain injury had aggravated this condition. There was evidence in the record that the periodic discomfort of the appellee in the cervical region prior to the accident may have been the result of her degenerative condition.

The court submitted the issues of negligence and damages to the jury. The jury returned a verdict for the appellee Elsa M. Kingdon awarding her damages in the amount of $750, and awarded the appellee's husband, Arthur R. Kingdon, a co-plaintiff, $317, the exact amount of special damages claimed by him. The judgment on the verdict for the husband was not appealed and has become final. The appellee made a timely motion to set aside the verdict as to her and to grant her a new trial, assigning as reasons therefor: the inadequacy of the verdict and the giving of certain conflicting and misleading instructions. In ruling on the motion, the trial court concluded that although the damage award to the appellee was not insubstantial or inadequate as a matter of law, the court's failure to direct a verdict for the appellee on the issue of liability had led the jury to reach a compromise verdict. The court further concluded that it had improperly instructed the jury relative to

the appellee's right to recover for pain and suffering as a result of the aggravation of her preexisting condition. Based on these conclusions, the trial court set aside the verdict and awarded the appellee a new trial.

It appears from the trial court's memorandum of opinion that the principal reason it set aside the verdict in favor of the appellee in the amount of $750 was that a directed verdict in favor of the appellee should have been given by the trial court. The issues of liability and damages were submitted to the jury under proper instructions by the trial court. Instruction number 2 offered by the plaintiffs and given by the trial court was a binding instruction and instructed the jury that if it found from the evidence that the defendant was not keeping a proper lookout at the time of the accident and that such failure was the proximate cause of the accident its verdict shall be for the plaintiffs. Instruction number 3 instructed the jury that if the defendant did not have his car under proper control and the accident was proximately caused as a result thereof then the jury verdict shall be in favor of the plaintiffs. These instructions in effect directed the jury to find a verdict in favor of the plaintiffs, the appellee and her husband, if they found certain facts which were supported by the evidence. The jury so found on the question of liability and assessed the damages in accordance with the evidence introduced in the trial in the amount of $750 for the appellee, Elsa M. Kingdon, and $317 for her husband, Arthur R. Kingdon. The question of liability was properly disposed of by the jury. The $317 was the exact amount of special damages proved during the trial. The $750 was the finding of damages based on the evidence submitted to the jury during the trial and was specifically found not to be inadequate by the trial court and such finding is properly supported by the authorities. *See, Richmond v. Campbell,* 148 W. Va. 595, 136 S.E.2d 877 (1964); *Landau v. Farr,* 104 W. Va. 445, 140 S.E. 141 (1927); *Parsons v. Roane County Court,* 92 W. Va. 490, 115 S.E. 473 (1922); *Kennedy v. Glen Alum Coal Co.,* 72 W. Va. 635, 78 S.E. 788 (1913).

The evidence in the case at bar clearly indicates that $750 was a sustainable verdict for damages suffered by the appellee. This matter is covered in point 2 of the syllabus of the *Richmond v. Campbell, supra, case*, in the following language:

> Compensation for pain and suffering is an indefinite and unliquidated item of damages, and there is no rule or measure upon which it can be based. The amount of compensation for such injuries is left to the sound discretion of the jury, and there is no authority for a court to substitute its opinion for that of the jury. A mere difference in opinion between the court and the jury as to the amount of recovery in such cases will not warrant the granting of a new trial on the ground of inadequacy unless the verdict is so small that it clearly indicates that the jury was influenced by improper motives.

The finding of $317 in favor of the appellee's husband, as stated above, was the exact amount of special damages proved during the trial after the jury found liability on the part of the appellant. In the cases of *Richmond v. Campbell, supra*, and *England v. Shufflebarger*, 152 W. Va. 662, 166 S.E.2d 126 (1969), the reason this Court approved the setting aside of the verdict by the trial court relating to special damages was that the verdict in each instance was less than the amount of special damages proved, which is not the case here. The jury properly found liability on the part of the appellant and the damages in each instance are supported by the evidence.

The additional reason given by the trial court for setting aside the verdict was that he committed error in giving instruction number N offered by the defendant. Instruction N reads as follows:

> THE COURT INSTRUCTS THE JURY that if you find in favor of the plaintiffs in this case, then in assessing the damages to which the plaintiff, Elsa M. Kingdon, is entitled, you can include as elements of damage only such items as you find from the evidence are a proximate

result of the collision testified to in this case, and if you believe from the evidence that any of the pain and suffering or other complaints of the plaintiff, Elsa M. Kingdon, are the result of a preexisting condition or conditions not proximately caused by the collision, then you shall not consider any such elements in determining the amount to which she is entitled.

This instruction tells the jury that if it finds in favor of the plaintiffs it is proper to include in the award of damages only such items that the evidence shows are the proximate result of the collision or accident involved and if it finds from the evidence that any pain or suffering of the appellee, Elsa M. Kingdon, is the result of a preexisting condition not proximately caused by the accident then it cannot consider such element in the determination of damages. This instruction does not prohibit the jury in any manner from awarding damages for the aggravation of a preexisting condition proximately resulting from the injuries caused by the accident. This situation is discussed in 22 Am. Jur. 2d *Damages* § 124 at page 176 in the following language:

It is clear from the discussion in the preceding sections that while an injured person is entitled to recover full compensation for all damage proximately caused by the defendant's act, even though his injuries may have been aggravated or activated by reason of his pre-existing physical or mental condition, the defendant can be held liable only to the extent that his wrongful act proximately and naturally aggravated or activated the plaintiff's condition.

Instructions 4 and 6 offered by the appellee and given by the court properly instructed the jury on the question of aggravation of a preexisting condition. Instruction number 4 reads as follows:

THE COURT INSTRUCTS THE JURY that if you find a verdict in favor of the plaintiff, Elsa M. Kingdon, you are, in estimating the damages, at liberty to consider the health and condition of the plaintiff, Elsa M. Kingdon, before the injuries

complained of as compared with her condition following her injuries and whether such injuries interfere with and impair her from engaging in those pursuits which she engaged in prior to the accident, if any, and also the physical pain and suffering, if any, to which she has been subjected by reason of such injuries, and any future pain and suffering she may be subjected to, provided you find that it will probably occur, and to allow such damages as in the opinion of the jury would be fair and just compensation for the injuries which the plaintiff has sustained.

Instruction number 6 reads as follows:

THE COURT FURTHER INSTRUCTS THE JURY that if you find in favor of the plaintiffs that in determining the damages of Elsa M. Kingdon you should consider as an element of her damages any aggravation of a preexisting condition which you find from the evidence was a proximate result of the collision in question.

These instructions tell the jury that it may consider the appellee's physical condition before the accident and after the accident and may consider as an element of damages any aggravation of a preexisting condition which was the proximate result of the collision. These instructions merely complement instruction N and all instructions that are given by the court should be read together in ascertaining whether the jury has been properly instructed as to the law. *Whittaker v. Pauley*, 154 W. Va. 1, 173 S.E.2d 76 (1970); *State Road Commission v. Bowling*, 152 W. Va. 688, 166 S.E.2d 119 (1969); *Nesbitt v. Flaccus*, 149 W. Va. 65, 138 S.E.2d 859 (1964); *Lester v. Rose*, 147 W. Va. 575, 130 S.E.2d 80 (1963); *Lawrence v. Nelson*, 145 W. Va. 134, 113 S.E.2d 241 (1960). Instructions 4, 6 and N are not binding instructions and this principle is clearly stated in point 7 of the syllabus of the case of *Lawrence v. Nelson, supra,* in the following language:

If an instruction given to the jury is not a binding instruction and some element is omitted

in the instruction which should have been included, it is not reversible error to give such instruction if other instructions given by the court contain or include such omitted element.

The instructions in question are not conflicting instructions and are not inconsistent such as the instructions involved in the case of *Quality Bedding Co. v. American Credit Indemnity Co.*, 150 W. Va. 352, 145 S.E.2d 468 (1965). In that case one instruction stated that fraud could be presumed and the other instruction stated that fraud could never be presumed.

For the reasons stated herein, the judgment of the Circuit Court of Raleigh County is reversed; the verdict of the jury in the amount of $750 in favor of appellee is reinstated and the case is remanded to the Circuit Court of Raleigh County with directions to enter judgment on the verdict for the appellee, Mrs. Elsa M. Kingdon.

*Judgment reversed;*
*verdict reinstated;*
*remanded with*
*directions.*