355 S.E.2d 57

**Barbara Ann BIRCH and Jesse William Birch,**

v.

**Richard L. KELLY and Susan Kelly.**

No. 17142.

Supreme Court of Appeals of West Virginia.

March 12, 1987.

Douglas McKay, Paul M. McKay, McKay & McKay, Wheeling, for appellants.

Rodney T. Berry, Jeffrey V. Kessler, Moundsville, for appellees.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Ohio County, dated May 30, 1985, which granted the motion of the appellees, Jesse William Birch and Barbara Ann Birch, to set aside a jury verdict in favor of the appellants, Richard L. Kelly and Susan Kelly. The appellants' principal contention is that the trial court erred in concluding that the appellees were entitled to a new trial because instructions to the jury resulted in prejudicial error. We disagree, and we affirm the judgment of the circuit court.

The civil action below arose out of an automobile accident which occurred on December 29, 1978 at the intersection of Evelyn Avenue and Route 88 in Wheeling, Ohio County. The car driven by Mr. Birch approached the intersection from Evelyn Avenue followed by the car driven by Mrs. Kelly. Both drivers stopped at a stop sign which was located approximately 50 feet from Route 88, a through highway. Mr. Birch then proceeded towards the highway. Mrs. Kelly, believing Mr. Birch was preparing to enter Route 88, turned her head to the side to check for oncoming traffic and accelerated. Mr. Birch, however, had stopped his car short of the highway to yield to traffic, and the Kelly vehicle collided with the rear of the Birch vehicle. Mrs. Birch, a passenger in the car driven by her husband, was thrown forward against the dashboard of the vehicle.

On December 29, 1980, Mr. and Mrs. Birch instituted a civil action for negligence against Mr. and Mrs. Kelly * in the Circuit Court of Ohio County. Mrs. Birch sought to recover damages for personal injuries allegedly received in the collision and for the resulting loss of wages, loss of future earning capacity, future medical expenses, infringement of the ability to enjoy life, future pain and suffering and increased industrial risk presented by her condition. Mr. Birch sought damages for loss of consortium. The Kellys denied the allegations of negligent operation of a motor vehicle and asserted that Mr. Birch was contributorily negligent in "bringing his vehicle to an abrupt, unexpected and unwarranted stop in moving traffic."

Trial before a jury was conducted on May 7 and 8, 1985. At the close of all the evidence, the trial judge announced that he was considering directing a verdict in favor of Mr. and Mrs. Birch on the liability issue based on Mrs. Kelly's admission that she was looking out the side of her vehicle rather than at the car in front of her when the collision occurred. The court was concerned, however, that the Kellys' "sudden stop" defense left a question for the jury to decide. The trial court submitted the case to the jury after giving, over objection of Mr. and Mrs. Birch, Defendant's Instruction No. 9, which provides: "The driver of a forward vehicle owes a duty to the driver of the vehicle following not to make sudden and unexpected stops that may imperil the vehicle approaching from the rear." On May 8, 1985, the jury returned a verdict for the Kellys.

On May 10, 1985, counsel for Mr. and Mrs. Birch filed a motion to set aside the

---

* Mr. Kelly was named a party defendant because he was the owner of the vehicle driven by Mrs. Kelly.

jury's verdict. Following oral arguments on the motion, the trial court, by memorandum opinion and order entered May 30, 1985, concluded that the giving of Defendant's Instruction No. 9 was prejudicial error. Accordingly, the trial court granted the motion to set aside the verdict and ordered a new trial. It is from this order that the Kellys prosecute this appeal.

■ The principal issue before this Court on appeal is whether the trial court erred in instructing the jury as to the sudden stop defense. " 'An erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by such instruction.' Point 2, syllabus, *Hollen v. Linger*, 151 W.Va. 255 [151 S.E.2d 330 (1966)]." Syllabus point 5, *Yates v. Mancari*, 153 W.Va. 350, 168 S.E.2d 746 (1969).

The instruction in question is drawn from syllabus point 1 of *Richmond v. Campbell*, 148 W.Va. 595, 136 S.E.2d 877 (1964), which provides: "The driver of a forward vehicle cannot make sudden and unexpected stops that may imperil vehicles approaching from the rear *and must in all events comply with the requirements of the law with regard to the giving of signals indicating his intention of turning off the highway.*" (Emphasis added). In *Richmond*, a rear end collision occurred when the plaintiff, the driver of the forward vehicle, turned from the highway into a driveway without giving a turn signal. At trial, the plaintiff requested an instruction to the effect that he had no duty to signal his intention to stop or turn unless he had reason to believe that a vehicle was approaching from the rear. On appeal, the Court recognized that the driver of a lead vehicle is not required to ascertain whether another vehicle is following unless made aware of that fact by signal or otherwise, but held that this rule does not relieve the forward driver of his duty to exercise ordinary care to prevent accidents with overtaking traffic by giving necessary signals. *Leftwich v. Wesco Corp.*, 146 W.Va. 196, 119 S.E.2d 401

(1961), *overruled on other grounds, Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979). "In other words, the driver of a forward vehicle, although not required to ascertain whether or not a vehicle is following, must still comply with the law pertaining to signals and stopping or turning." *Adkins v. Minton*, 151 W.Va. 229, 235, 151 S.E.2d 295, 301 (1966). The Court in *Richmond* held that because state law required the plaintiff to signal his intention to leave the highway, the trial court's refusal to give the requested instruction was not error.

■ Clearly, the instruction offered by the Kellys in this case did not convey to the jury the full import of *Richmond.* The incomplete statement of the law contained in the offered instruction was confusing and could have misled the jury. The trial court found that the giving of Defendant's Instruction No. 9 was prejudicial. We find no palpable error in this ruling which would warrant our interference with the lower court's decision to set aside the verdict. " 'The judgment of a trial court in setting aside a verdict and awarding a new trial is entitled to peculiar weight and its action in this respect will not be disturbed on appeal unless plainly warranted.' *Syllabus* point 3, *Young v. Duffield*, 152 W.Va. 283, 162 S.E.2d 285 (1968)." Syllabus point 4, *Kesner v. Trenton*, 158 W.Va. 997, 216 S.E.2d 880 (1975).

In view of our resolution of this issue, we find it unnecessary to address the other issues raised by the appellants. Mr. and Mrs. Birch were entitled to a new trial. Accordingly, the judgment of the Circuit Court of Ohio County is affirmed.

Affirmed.